1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFREY S. RANEN, SB# 224285
2     E-Mail: Jeffrey.Ranen@lewisbrisbois.com
RYAN M. DEAM, SB# 252505
3     E-Mail: Ryan.Deam@lewisbrisbois.com
ZACHARY S. TUCKER, SB#323084
4     E-Mail: Zachary.TUcker@lewisbrisbois.com
633 West 5th Street, Suite 4000
5  Los Angeles, California 90071
Telephone: 213.250.1800
6  Facsimile: 213.250.7900

7  Attorneys for Defendant GEO Secure
Services, LLC
8

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11  SAMDEESHIA BELL, an individual;          CASE NO.

12          Plaintiff,

13     vs.                                   **DEFENDANT GEO SECURE**
                                            **SERVICES, LLC'S NOTICE OF**
14  GEO SECURE SERVICES, LLC, a             **REMOVAL OF ACTION TO**
corporation; and DOES 1-20, inclusive,     **FEDERAL COURT PURSUANT TO**
15                                          **28 U.S.C. §§ 1332(a), 1441(a)(b)**
          Defendant.
16
                                           Action Filed:   August 26, 2021
17                                         Trial Date:     None Set

18

19  **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

20          **PLEASE TAKE NOTICE** that Defendant GEO Secure Services, LLC

21  ("Defendant"), by and through its counsel of record, hereby removes to this Court

22  the state court action described below on the bases of complete diversity jurisdiction

23  pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441(a)(b) and 28 U.S.C. § 1367(a) as

24  follows:

25              **COMPLAINT AND TIMELINESS OF REMOVAL**

26          1.      On October 13, 2021, Defendant was served with Plaintiff Samdeeshia

27  Bell's ("Plaintiff") Complaint, a civil action filed in the Superior Court of the State

28  of California for the County of San Bernardino, entitled *SAMDEESHIA BELL v.*

4878-5484-9538.1

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

1    *GEO SECURE SERVICES, LLC. and DOES 1 through 100, Inclusive*, Case No.

2    CIVSB2124811.  A true and correct copy of the Summons and Complaint, and all

3    documents served therewith, are attached as Exhibit 1.

4    2.      On October 13, 2021, Plaintiff served an Initial Case Management

5    Conference Order for a Case Management Conference on December 16, 2021.  A

6    true and correct copy of the Notice of Case Management Conference is attached

7    hereto as Exhibit 2.

8    3.      On November 12, 2021, Defendant GEO Secure Services, LLC filed an

9    Answer to Plaintiff's Complaint.  A true and correct copy of Defendant's Answer is

10   attached hereto as Exhibit 3.

11   4.      Copies of all process, pleadings, and orders served are contained in

12   Exhibits 1 - 3 pursuant to 28 U.S.C. § 1446(a).

13   5.      Defendant now timely files this Notice of Removal of Action to Federal

14   Court within the time limit for removal set forth in 28 U.S.C. § 1446(c)(1).

15   **GROUNDS FOR REMOVAL - DIVERSITY JURISDICTION**

16   6.      The basis for removal is that this Court has original jurisdiction of this

17   action under 28 U.S.C. § 1332 and it is one which may be removed to this Court by

18   Defendant pursuant to 28 U.S.C. § 1441, due to the complete diversity of Plaintiff

19   and Defendant herein.

20   7.      Plaintiff Samdeeshia Bell was at all relevant times a resident of the

21   State of California, as alleged in her Complaint.

22   8.      GEO Secure Services, LLC is a limited liability company formed in

23   and under the laws of the State of Florida and comprised of two members: GEO

24   Corrections Holdings, Inc. and GEO Operations, Inc.  Each of these members is a

25   corporation formed in and under the laws of the State of Florida, with their principle

26   place of business in Boca Raton, Florida.

27   9.      On April 9, 2021, Plaintiff made a written, pre-filing settlement

28   demand of $350,000.  In support of this demand, Plaintiff presented the following

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT GEO SECURE SERVICES, LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332(a), 1441(a)(b)

breakdown of potential damages at issue in this matter: Wrongful Termination related damages (including front pay, back pay, benefits, and medical expenses): Over $1,000,000; Overtime: $18,204; Meal Break Premiums: $14,819; Rest Break Premiums: $14,819; Wage Statement Penalties: $4,000; Estimated Attorneys' Fees: as high as $1,000,000 through trial.  The economic damages arising from her wrongful termination claim alone meet the jurisdictional threshold of this Court.  A true and correct copy of Plaintiff's written settlement communication is attached hereto as Exhibit 4.

10.  Considering the potential damages identified by Plaintiff in her initial demand and the prayer in the Complaint seeking special and economic damages including front pay and back pay for all causes of action, general and non-economic damages for all causes of action, exemplary and punitive damages for all causes of action, prejudgment interest, costs, and attorneys' fees, Plaintiff's case exceeds the jurisdictional threshold of $75,000 in controversy.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (1996) 403-404; *Cohn v. Petsmart, Inc.* (9th Cir. 2002) 281 F.3d 837; *Hussain v. Coffman Eng'rs, Inc.*, 2011 U.S. Dist. LEXIS 15267 (2011) ("Settlement letters or other documents provided during mediation may form a basis for removal.") (citing *Babasa v. LensCrafters, Inc.*, 498 F.3d 972 (2007)).

11.  The amount in controversy exceeds the jurisdictional threshold of $75,000.  Removal is proper if the Complaint, an amended pleading, motion, order, or other paper indicates the grounds for removal exist.  28 U.S.C. 1446(b)(3).

12.  Plaintiffs' Complaint alleged the complete diversity of citizenship of Plaintiffs and Defendant.  Plaintiffs' prayer for damages includes special and economic damages including front pay and back pay for all causes of action, general and non-economic damages for all causes of action, exemplary and punitive damages for all causes of action, prejudgment interest, costs, and attorneys' fees.

## NO OTHER DEFENDANTS

13.  There are no other Defendants that have been named or served in this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | action, thus there are no other Defendants to join in this Notice of Removal.

2 | **SERVICE OF NOTICE ON PLAINTIFF AND STATE COURT**

3 | 14.     Defendant will promptly serve a copy of this Notice on Plaintiffs and

4 | will promptly file a copy with the clerk of the state court where the case is filed.

5 | Upon service of this Notice on Plaintiffs, Defendant will file a Notice of Proof of

6 | Service with this Court.

7 | WHEREFORE, Defendant files this Notice of Removal of this action from

8 | the aforesaid Superior Court, in which it is now pending, to the District Court of the

9 | United States, Central District of California, located at 312 North Spring Street, Los

10 | Angeles, California 90012, a copy of which will be served upon Plaintiffs.

13 | DATED: November 12, 2021     **LEWIS BRISBOIS BISGAARD & SMITH** LLP

16 | By:      /s/ Jeffrey S. Ranen

17 | Jeffrey S. Ranen
Ryan M. Deam
Zachary S. Tucker
Attorneys for Defendant GEO Secure
Services, LLC

DEFENDANT GEO SECURE SERVICES, LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332(a), 1441(a)(b)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GEO SECURE SERVICES, LLC, a corporation; and DOES 1 through 20 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SAMDEESHIA BELL, an individual

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP 27 2021

BY _____
NICOLE CARTWRIGHT, DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* San Bernardino Superior Court - Civil Division 247 West Third Street San Bernardino, California 92415-0210 | CASE NUMBER: *(Número del Caso):* CIV SB 2124811 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Aaron Colby; Colby Law Firm, PC; 13263 Ventura Boulevard, Suite 203, Studio City, California 91604

| DATE: SEP 27 2021 *(Fecha)* | Clerk, by *(Secretario)* Nicole Cartwright | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

1  AARON N. COLBY (State Bar No. 247339)
   aaron@colbylegal.com
2  COLBY LAW FIRM, PC
   13263 Ventura Boulevard, Suite 203
3  Studio City, California 91604
   Telephone: (818) 253-1599
4  Fax: (818) 475-1981

5  Attorneys for Plaintiff
   SAMDEESHIA BELL
6

COPY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

AUG 2 6 2021

BY _____
NICOLE CARTWRIGHT, DEPUTY

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                  FOR THE COUNTY OF SAN BERNARDINO

9                                          CIV SB 2 1 2 4 8 1 1
   SAMDEESHIA BELL, an individual,        Case No. _____
10
                    Plaintiff,            PLAINTIFF'S COMPLAINT FOR:
11                                        1.   WRONGFUL TERMINATION
         vs.                              2.   HARASSMENT (GOV'T CODE § 12940(J))
12                                        3.   DISCRIMINATION (GOV'T CODE § 12940(A))
                                          4.   RETALIATION FOR HARASSMENT AND/OR
   GEO SECURE SERVICES, LLC, a                 DISCRIMINATION COMPLAINTS (GOV'T CODE §
13 corporation; and DOES 1 through 20 inclusive,  12940(H))
                                          5.   FAILURE TO PREVENT HARASSMENT AND/OR
14                  Defendant.                 DISCRIMINATION GOV'T CODE § 12940(K))
                                          6.   FAILURE TO ENGAGE IN INTERACTIVE
15                                             PROCESS (GOV'T CODE § 12940(N))
                                          7.   FAILURE TO PROVIDE REASONABLE
16                                             ACCOMMODATION (GOV'T CODE § 12940(M))
                                          8.   RETALIATION FOR REQUESTING
17                                             ACCOMMODATION (GOV'T CODE § 12940(M))
                                          9.   FAILURE TO PROVIDE CFRA LEAVE (GOV'T
                                               CODE § 12945.2(Q))
18                                        10.  RETALIATION FOR USING CFRA LEAVE (GOV'T
                                               CODE § 12945.2(K))
19                                        11.  RETALIATION FOR USING PAID SICK LEAVE
                                               (LABOR CODE § 246.5(C))
20                                        12.  RETALIATION FOR COMPLAINING ABOUT
                                               ILLEGAL CONDUCT (LABOR CODE § 1102.5)
21                                        13.  MINIMUM WAGE (LABOR CODE §§ 1182.12(B),
                                               1194, 1194.2, 1197, 1197.1; IWC WAGE ORDER)
22                                        14.  OVERTIME (LABOR CODE §§ 510, 1194, 1198,
                                               1199; IWC WAGE ORDER)
                                          15.  MEAL BREAKS (LABOR CODE §§ 226.7 AND 512;
23                                             IWC WAGE ORDER)
                                          16.  REST BREAKS (LABOR CODE § 226.7; IWC WAGE
24                                             ORDER)
                                          17.  WAGE STATEMENTS (LABOR CODE § 226(A))
                                          18.  WAGES OWED TIMELY (LABOR CODE §§ 201-
25                                             203)
                                          19.  FAILURE TO PRODUCE PERSONNEL FILE
26                                             (LABOR CODE § 1198.5)
                                          20.  PRIVATE ATTORNEY GENERAL ACT
27                                             REPRESENTATIVE ACTION (LABOR CODE §
                                               2698)
28
                                          JURY TRIAL DEMANDED

Plaintiff's Complaint For Damages

Plaintiff Samdeeshia Bell ("Plaintiff") alleges as follows on knowledge as to their own acts/interactions, and on information and belief as to all other matters:

## JURISDICTION AND VENUE

1.      This Court has personal jurisdiction over Defendant because it conducts business in the State of California.

2.      Under California Code of Civil Procedure § 395(a), venue is proper in this County because Defendant resides in San Bernardino County and/or injuries alleged herein occurred in this county.

## PARTIES

3.      Plaintiff Samdeeshia Bell is and at all times relevant hereto was a resident of the County of San Bernardino, State of California (referred to as "Plaintiff").  At all relevant times alleged herein, Plaintiff worked for Defendant at 10250 Rancho Road, Adelanto, California 92301.

4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant GEO Secure Services, LLC, was and is doing business at 10250 Rancho Road, Adelanto, California 92301 (singularly referred to as "Defendant" or "Defendant GEO").

5.      The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendant Employers named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendant Employers are sued by such fictitious names (collectively referred to as "Doe Defendants").  Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Doe Defendants  when the same become known to Plaintiff.  Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Doe Defendants  is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged herein.

6.      Plaintiff is informed and believes, and based thereupon alleges, that Defendant, and each of them, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein,

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

and/or attempted to do so, including pursuant to Government Code §12940(i).  Plaintiff is further informed and believes, and based thereupon alleges, that Defendant, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

7.      Whenever and wherever reference is made in this complaint to any act or failure to act by a defendant or co-defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each defendant acting individually, jointly and severally.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

8.      Plaintiff exhausted Plaintiff's administrative remedies by timely filing a complaint for the issues required to be raised herein against Defendant with the California Department of Fair Employment & Housing ("DFEH") and thereafter received a "Right to Sue" letter from the DFEH, which allowed Plaintiff one year from April 12, 2021, to file this action.

9.      On April 12, 2021, counsel for Plaintiff prepared and electronically submitted a letter to the California Labor & Workforce Development Agency ("LWDA") via the California Department of Industrial Relations' "PAGA Filing" website.  A copy of the letter was mailed to Defendant GEO, also via USPS Certified Mail.  The letter contained the specific provisions of the California Labor Code violated by Defendant GEO, as well as the facts and theories in support of Plaintiff's claims.  Now that sixty-five (65) days have passed since Plaintiff notified Defendant Employers of these violations, the statutory time period for the LWDA to investigate and/or respond, and for the employer to respond, has concluded.  Plaintiff has exhausted the administrative requirements for bringing a claim under the PAGA for these violations.

## FACTUAL ALLEGATIONS

10.      **Defendant.**  Defendant GEO Secure Services ("Defendant") oversees the operation and management of fifty-eight "Federal Bureau of Prisons, U.S. Marshals Services, and U.S. Immigration and Customs Enforcement, as well as seven state correctional clients and

Plaintiff's Complaint For Damages

various county and city jurisdictions"[1] in the United States.  Defendant operates an ICE Processing Center where it employs workers at 10250 Rancho Road, Adelanto, California 92301 (the "worksite").

11.    **Plaintiff's Employment Details.**  On or about January 2018, Defendant hired Plaintiff Samdeeshia Bell, a Black female, as an employee in the job position of Detention Officer to work at the worksite.  Plaintiff is one of the few Black female detention officers at the Adelanto ICE Processing Center.

12.    Throughout Plaintiff's employment, Defendant classified Plaintiff as a "non-exempt" employee and paid Plaintiff $26.70 per hour plus a $4.22 per hour bonus for "health and wellness."

13.    Throughout Plaintiff's employment, Plaintiff's job duties included maintaining a safe environment for detainees and employees, making sure detainees were secured within the facility, and observing and reporting detainee conduct.

14.    Throughout Plaintiff's employment, Defendant required plaintiff to work five (5) days a week, and Plaintiff's daily work schedule varied.

15.    Throughout Plaintiff's employment, Plaintiff was an exemplary employee, never receiving any written counseling or discipline for performance or conduct until her wrongful termination on February 1, 2021, for an undisclosed reason.

16.    **Wage-And-Hour Complaints.**  Throughout Plaintiff's employment, Plaintiff witnessed and complained to Defendant about violations of the California Labor Code at the worksite.  While employed, Plaintiff witnessed and complained to at least one of Defendant's supervisors about the off-the-clock work alleged herein, the meal and rest break failures alleged herein, and the failure to provide timely access to toilet rooms and changing rooms as alleged herein.

17.    **Harassment and Complaints.**  During Plaintiff's employment, Plaintiff experienced, witnessed, and complained to Defendant about hostile work environment

---

[1] https://www.geogroup.com/Management_and_Operations

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

harassment. While employed, Plaintiff complained to Defendant and the Union Representative about Defendant's staff members, ***Nowicki (full name unknown)*** and ***Sergeant Belt (Sergeant Investigator)***, telling other employees that Plaintiff will be fired because her husband is in prison. Sergeant Belt falsely stated that Plaintiff would bring in contraband because she is married to an inmate and "made fun" of Plaintiff for marrying someone who had been previously incarcerated. On or about August 19, 2020, Plaintiff complained about this. Instead of protecting Plaintiff or investigating her complaint of harassment, Defendant ignored the complaint and added to the harassment.

18.     **Medical Leave & Protected Conduct.**  Defendant's inaction to Plaintiff's complaints caused Plaintiff to go on medical leave due to work related anxiety. On or about October 12, 2020, Plaintiff began her first medical leave. Defendant's continued inaction caused Plaintiff to extend her medical leave. ***Berta Barocio-Sullivan (Human Resources Manager)*** called Plaintiff, using an annoyed tone of voice, multiple times during her medical leave to ask her when she will be returning to work.

19.     On or about December 14, 2020, Plaintiff was diagnosed with COVID-19 and provided Defendant with a doctor note. Defendant's employee, Berta Barocio-Sullivan, asked Plaintiff what Plaintiff was diagnosed with and refused to pay medical leave until Plaintiff disclosed her medical diagnosis.

20.     **Wrongful Termination (Discrimination & Retaliation).**  On or about December 14, 2020, Plaintiff was diagnosed with COVID-19 and provided Defendant with a doctor note. Defendant's employee, Berta Barocio-Sullivan, asked Plaintiff what Plaintiff was diagnosed with and refused to pay medical leave until Plaintiff disclosed her medical diagnosis.

21.     On or about January 31, 2021, Defendant fired Plaintiff during her final medical leave. The termination letter did not disclose the reason for Plaintiff's termination. After Plaintiff asked about the reason for her termination, Berta Barocio-Sullivan sent Plaintiff a Disciplinary Action Form stating:

On January 21, 2021 this facility discovered Samdeeshia Bell failed to disclose her marriage to an inmate during her background investigation process or during her employment with GEO.

GEO Policy states "Employees shall not...become emotionally, romantically, physically, or financially involved with those monitored or in the care, custody or control of GEO. This refer to those individuals housed in any GEO, GEO Care, or other privately contracted facility as well as any local, county, state, or federal facility."

GEO Policy 3.1.9 states "Trustworthiness is an important consideration and deliberately falsifying information eliminates an application's opportunity for employment regardless of the background screening."

22.     A good faith investigation would have shown that Plaintiff did not violate the policy above. Plaintiff did not become romantically involved with an individual "in any GEO, GEO Care, or other privately contracted facility as well as any local, county, state, or federal facility." Plaintiff became romantically involved with a person who was incarcerated on or about 2015, before her employment by Defendant. During the interview process, Defendant asked Plaintiff if she had family members who were or currently are incarcerated. Plaintiff answered truthfully and said that her aunt had been incarcerated. Plaintiff's now husband was not a family member at the time of Plaintiff's interview. Plaintiff did not violate Defendant's policy above.

23.     In truth, a substantial motivating reason for Defendant's failure to investigate before terminating and decision to terminate Plaintiff's employment was: (a) Plaintiff's protected classes of gender, race, medical condition, and/or disability, (b) Plaintiff requesting and taking protected leave, and/or (c) Plaintiff's protected complaints about violations of the Fair Employment and Housing Act, the Labor Code and/or workplace safety. Other similarly situated employees who are not female, who are not Black, who were not disabled, and who not have medical conditions, and/or who did not engage in protected conduct engaged in actions similar to Plaintiff and were not terminated.

6

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

24.    **Off-The-Clock Work.**  Throughout Plaintiff's employment, Plaintiff worked no less than approximately 30 minutes per day off-the-clock, without pay. This off-the-clock work included, among other things according to proof: (a) working during unpaid meal breaks; (b) not given opportunities to take paid rest breaks; and (c) illegally "rounding" employee time at the beginning or end of the shift or meal breaks; and (d) failure to pay during COVID-19 safety screening protocols and for donning-and-doffing work gear.

25.    **Meal Break Violations.**  Throughout Plaintiff's employment Defendant failed to provide Plaintiff with first or second timely, uninterrupted 30-minute meal break as required by law.  For instance:

- Plaintiff did not get meal breaks at all;
- Plaintiff was forced to work throughout Plaintiff's meal breaks;
- Plaintiff was forced to answer work-related inquiries throughout Plaintiff's meal breaks;
- Plaintiff was "on-call" during meal breaks;
- Defendant deducted unpaid meal break time from Plaintiff's time worked even though Plaintiff performed work during such time;
- Defendant rounded Plaintiff's clock in and out times for the start and end of meal breaks;
- Plaintiff's meal breaks were not timely;
- Plaintiff's meal breaks were interrupted;
- Plaintiff's meal breaks were less than the full 30 minutes; and/or
- Defendant required Plaintiff to remain on premises at the worksite during meal breaks.

26.    Defendant's company-wide understaffing arising from labor budget policies and subsequent failure to provide adequate break coverage prevented Plaintiff from taking compliant meal breaks.  As a result of these practices and/or policies, Plaintiff was frequently required to continue to perform duties without being able to take a timely, compliant meal break.  Thus,

Plaintiff's Complaint For Damages

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

Plaintiff had to work through part or all of Plaintiff's meal breaks, had meal breaks interrupted, and/or wait extended breaks of time before taking meal breaks.

27.     Defendant maintained a facially non-compliant meal break policy that did not provide Plaintiff with first or second timely, uninterrupted 30-minute meal break as required by law.  Plaintiff worked more than six (6) hours without being relieved of Plaintiff's duties to take a meal break.  Defendant regularly required Plaintiff to continue working and failed to provide meal break coverage for her, thereby preventing Plaintiff from taking timely, uninterrupted meal breaks to which Plaintiff was entitled.  Defendant did not provide Plaintiff with second 30-minute meal breaks on days that she worked in excess of 10 hours.

28.     Defendant required Plaintiff to always record meal breaks, even when meal breaks were never taken, or were late, short, and/or interrupted. As a result, 30-minute meal breaks were deducted from Plaintiff's time records for hours Plaintiff actually spent working.  This is a form of off-the-clock work that Plaintiff performed.

29.     Defendant has engaged in a company-wide practice and/or policy to not pay meal break premiums owed when compliant meal breaks are not provided.  Defendant, therefore, failed to provide Plaintiff compliant meal breaks and failed to pay the full meal break premiums due.

30.     **Rest Break Violations.**  Throughout Plaintiff's employment, Defendant failed to authorize and permit Plaintiff to take a 10-minute rest break per each four (4) hour period worked or a major fraction thereof. For instance:

- Plaintiff did not get rest breaks at all;
- Plaintiff was forced to work throughout Plaintiff's rest breaks;
- Plaintiff was forced to answer work-related inquiries throughout Plaintiff's rest breaks;
- Plaintiff was "on-call" during rest breaks;
- Defendant did not pay Plaintiff for what should have been paid rest breaks, instead, Plaintiff's rest breaks were unpaid;
- Plaintiff's rest breaks were not timely;
- Plaintiff's rest breaks were interrupted;

Plaintiff's Complaint For Damages

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

- Plaintiff's rest breaks were less than the full 10 minutes; and/or

- Defendant required Plaintiff to remain on premises at the worksite during rest breaks.

31.     Defendant's labor budget policies and resultant understaffing prevented Plaintiff from being relieved of all duties to take compliant rest breaks.  Defendant had no policy of scheduling rest breaks for employees, which further impeded and prevented Plaintiff from taking rest breaks. As a result of Defendant's understaffing and failure to schedule rest breaks, Plaintiff worked shifts in excess of 3.5 hours, in excess of six (6) hours, and in excess of 10 hours without receiving all uninterrupted 10-minute rest breaks to which Plaintiff was entitled.

32.     Defendant maintained a facially non-compliant rest break policy that did not permit and authorize employees to take a second rest break for shifts from six (6) to 10 hours in length. To the extent there is a policy, Defendant's written rest break policy only authorizes employees to take a 10-minute rest break for every four (4) hours worked.  As such, Defendant's written rest break policy does not permit and authorize Plaintiff to take second and third rest breaks for shifts six (6) to 10 hours in length or shifts 10 to 14 hours in length, respectively. Defendant's non-compliant rest break policy impeded and prevented Plaintiff from taking rest breaks.  Plaintiff regularly worked shifts in excess of six (6) hours and did not receive the two (2) uninterrupted rest breaks.  Plaintiff's rest breaks were regularly interrupted by work demands due to the lack of break coverage.

33.     Defendant required Plaintiff to always record rest breaks, even when rest breaks were never taken or were late, short, and/or interrupted.

34.     Defendant has engaged in a company-wide practice and/or policy to not pay rest break premiums owed when compliant rest breaks are not provided.  Defendant, therefore, failed to provide Plaintiff compliant rest breaks and failed to pay the full rest break premiums due.

35.     **Toilet Access Not Provided.**  Throughout Plaintiff's employment, Defendant failed to allow Plaintiff to use the restroom when requested. At least once, Defendant made Plaintiff wait for two or more hours to use the restroom after her request.

9

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

36. **Changing Rooms Not Provided.** Throughout Plaintiff's employment, Defendant failed to provide Plaintiff with suitable lockers, closets, or equivalent for the safekeeping of Plaintiff's outer clothing during working hours, and for Plaintiff's work clothing during non-working hours.

37. **Final Pay.** Defendant failed to pay Plaintiff all wages owed to Plaintiff immediately upon Plaintiff's termination of employment, including earned and unpaid wages, such as:  (a) minimum wages; (b) overtime wages; (c) meal and rest period premium wages; and (d) all wages owed for the final day of work, as alleged herein.

38. **Wage Statements.** Defendant knowingly and intentionally failed to provide Plaintiff with uniform, complete, and accurate wage statements because Defendant did not calculate the "regular rate" correctly or display the accurate hours and corresponding rates of pay, did not pay Plaintiff for all time worked, and Defendant deducted time worked from Plaintiff's wage statements and employment records for meal breaks Plaintiff did not actually receive, the result of which was an unlawful deduction of wages earned and meal break premiums that should have been paid.

**FIRST CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

39. Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

40. The elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm. *See Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167 (1980); *see Yau v. Allen*, 229 Cal.App.4th 144, 154 (2014).

41. Plaintiff is informed and believes that any one of the alleged violations of California statutes and public policy listed herein was a substantial motivating reason for Plaintiff's termination of employment.

_____
Plaintiff's Complaint For Damages

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

42.     The actions of Defendant as alleged herein constitute multiple and independent violations (or were reasonably believed by Plaintiff in good faith to constitute multiple and independent violations) of California statutes and public policy, including:

- California Constitution, Article 1, § 8 ("A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, or national or ethnic origin");

- California Government Code § 12940(j) (it is unlawful for "an employer… or any other person, because of race, religious creed, color, national origin, ancestry… to harass an employee);

- California Government Code § 12940(a) (prohibiting discrimination based disability and medical condition);

- California Government Code § 12940(h) (It is unlawful employment practice "[f]or an employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part");

- California Government Code § 12940(k) (making it illegal "For an employer...to fail to take all reasonable steps necessary to prevent discrimination … from occurring.");

- California Government Code § 12940(n) (requiring an employer to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations in response to a request for reasonable accommodations);

- California Government Code § 12940(m) (requiring employers to provide reasonable accommodation and prohibits retaliation against employees due to their request for reasonable accommodations);

- California Government Code § 12945.2(k) (making it unlawful for an "employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of any of the following:  (1) An individual's exercise of the right to family care and medical leave provided by subdivision (a)….")

- California Labor Code § 246.5(c) ("An employer shall not deny an employee the right to use accrued sick days, discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using accrued sick days, attempting to exercise the right to use accrued sick days, filing a complaint with the department or alleging a violation of this article");

- California Labor Code § 1102.5(b) ("An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.");

- California Labor Code § 6409.6(f) ("An employer shall not retaliate against a worker for disclosing a positive COVID-19 test or diagnosis or order to quarantine or isolate.").

43. As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was harmed, and the termination of employment was a substantial factor in causing Plaintiff's harm.

44. As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

45. As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and aggravated. As a result of the acts of Defendant, Plaintiff suffered harm to their reputation and

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

46.     The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited to Sergeant Belt, Nowicki (full name unknown), and Berta Barocio-Sullivan.  In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

<u>**SECOND CAUSE OF ACTION**</u>

**HARASSMENT IN VIOLATION OF GOV'T CODE § 12940(j)**

47.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

48.     At all times mentioned herein, California Government Code § 12940 et seq., was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

49.     California Government Code § 12940(j)(1) makes it unlawful for "an employer . . . or any other person, because of race, color, ... gender .... age . . . to harass an employee."

50.     California Government Code § 12940(j)(3) provides for individual liability on the part of the supervisor for such harassment: "An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action."

51.    California laws also provides for strict liability on the part of the employer for such harassment by a supervisor. *See Myers v. Trendwest Resorts, Inc.*, 148 Cal. App. 4th 1403, 1419 (2007).

52.    The operative regulations promulgated by California's Department of Fair Employment and Housing, specifically defines "harassment" to include "(A) Verbal harassment, e.g., epithets, derogatory comments or slurs on a basis enumerated in the Act." Cal. Code of Regs., tit. 2, § 11019(b).

53.    As alleged herein, Defendant harassed Plaintiff based on Plaintiff's race and gender and subjected her to a hostile work environment.

54.    As a proximate result of the aforesaid acts, Plaintiff has lost, and will continue to lose, substantial earnings, promotional opportunities, fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this court.

55.    As a proximate result of the aforesaid acts, Plaintiff has become mentally upset, distressed, embarrassed, humiliated, and aggravated in a sum in excess of the jurisdictional minimum of this court.

56. The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited Nowicki (full name unknown) and Sergeant Belt. In so doing, said managing agents

Plaintiff's Complaint For Damages

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294. As such, Plaintiff is entitled to an award of punitive damages.

57.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

## THIRD CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF GOV'T CODE § 12940(a)

58.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

59.     At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

60.     California Government Code § 12940(a) makes it unlawful for "an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or veteran or military status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

61.     Plaintiff is informed and believes that Plaintiff's protected class(es) of gender and/or race was a substantial motivating factor for her termination.

62.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

63.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

aggravated.  As a result of the aforesaid acts of Defendant, Plaintiff suffered harm to their reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

64.     The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited to Sergeant Belt, Berta Barocio-Sullivan, and Nowicki (full name unknown).  In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

65.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute their claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

### FOURTH CAUSE OF ACTION

### RETALIATION FOR DISCRIMINATION COMPLAINTS IN VIOLATION OF GOV'T CODE § 12940(h)

66.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

67.     At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

68.     California Government Code § 12940(h) makes it unlawful for an "employer … to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

69.     During Plaintiff's employment with Defendant, Plaintiff protected activities and conduct included as alleged herein.

70.     Defendant took adverse actions against Plaintiff alleged herein, at least in substantial part, in retaliation for Plaintiff's protected activities set forth herein.

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

71.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

72.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and aggravated.  As a result of the acts of Defendant, Plaintiff suffered harm to their reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

73.     The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited to Sergeant Belt, Berta Barocio-Sullivan, and Nowicki (full name unknown).  In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

74.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute their claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

### FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF GOV'T CODE § 12940(k)

75.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

76.     At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

77.     California Government Code § 12940(k) makes it illegal "For an employer...to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

78.     Defendant failed to take all reasonable steps necessary to prevent the discrimination that Plaintiff suffered, including but not limited to, the imposition of an effective policy against such discrimination and harassment, the imposition of non-discriminatory and non-harassing practices and procedures, prompt and thorough good faith and reasonable investigations, prompt and appropriate discipline against transgressors, and/ required anti-harassment training, and other conduct according to proof.

79.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

80.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and aggravated.  As a result of the aforesaid acts of Defendant, Plaintiff suffered harm to their reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

81.     The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited to Sergeant Belt, Berta Barocio-Sullivan, and Nowicki (full name unknown).  In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

82.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute their claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

## SIXTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS  IN VIOLATION OF GOV'T CODE § 12940(n)

83.     Plaintiff incorporates by reference all of the preceding and subsequent paragraphs.

84.     At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

85.     California Government Code § 12940(n) makes it illegal for an "employer or other entity …. to fail to engage in a timely, good faith, interactive process with the employee … to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee …with a known physical or mental disability or known medical condition." *See also* Cal. Code of Regs., tit. 2, § 11069.

86.     At all times relevant herein, Defendant was aware of Plaintiff's physical disability and how it affected Plaintiff's major life activity of working.

87.     Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodations; however, Defendant failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodations could be made.

88.     As a direct and proximate result of this illegal behavior by Defendant, Plaintiff has suffered the loss of her job, loss of compensation, loss of job benefits, humiliation, mental anguish, and severe emotional and physical distress, in an amount to be proven at trial.

89.     In so doing, said managing agents and/or officers of Defendant, including Sergeant Belt, Berta Barocio-Sullivan, and Nowicki (full name unknown), acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

90.     Government Code § 12965(b) permits the court to award reasonable attorneys' fees to a plaintiff that successfully pursues a FEHA claim.  Plaintiff has and will continue to incur

Plaintiff's Complaint For Damages

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

attorneys' fees in the pursuit of this action.  As such, Plaintiff is entitled to an award of reasonable attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF GOV'T CODE § 12940(m)**

91.     Plaintiff incorporates by reference all of the preceding and subsequent paragraphs.

92.     At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

93.     California Government Code § 12940(m)(1) makes it illegal for an "employer … to fail to make reasonable accommodation for the known physical or mental disability of an … employee." *See also* Cal. Code of Regs., tit. 2, § 11068.

94.     At all times relevant herein, Defendant was aware of Plaintiff's physical disability and how it affected Plaintiff's major life activity of working.

95.     Plaintiff would have been able to perform Plaintiff's essential job duties with reasonable accommodations.  However, Defendant failed to provide Plaintiff with reasonable accommodations or even explore what reasonable accommodations can be provided.  Instead, Defendant terminated Plaintiff.

96.     As a direct and proximate result of this illegal behavior by Defendant, Plaintiff has suffered the loss of her job, loss of compensation, loss of job benefits, humiliation, mental anguish, and severe emotional and physical distress, in an amount to be proven at trial.

97.     In so doing, said managing agents and/or officers of Defendant, including Sergeant Belt, Berta Barocio-Sullivan, and Nowicki (full name unknown), acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

98.     Government Code § 12965(b) permits the court to award reasonable attorneys' fees to a plaintiff that successfully pursues a FEHA claim.  Plaintiff has and will continue to incur

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

attorneys' fees in the pursuit of this action.  As such, Plaintiff is entitled to an award of reasonable attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RETALIATION FOR REQUESTING REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE § 12940(m)

99.     Plaintiff incorporates by reference all of the preceding and subsequent paragraphs

100.    At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

101.    California Government Code § 12940(m)(2) makes it illegal for an "employer … to, in addition to the employee protections provided pursuant [California Government Code § 12940(h)], retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted." *See also* Cal. Code of Regs., tit. 2, § 11068.

102.    At all times relevant herein, Defendant was aware of Plaintiff's physical disability and how it affected Plaintiff's major life activity of working.

103.    During Plaintiff's employment with Defendant, Plaintiff protected activities and conduct included as alleged herein.

104.    Defendant took adverse actions against Plaintiff alleged herein, at least in substantial part, in retaliation for Plaintiff's protected activities set forth herein.

105.    As a direct and proximate result of this illegal behavior by Defendant, Plaintiff has suffered the loss of her job, loss of compensation, loss of job benefits, humiliation, mental anguish, and severe emotional and physical distress, in an amount to be proven at trial.

106.    The actions alleged herein were taken by managing agents and/or officers of Defendant, including but not limited to Sergeant Belt, Berta Barocio-Sullivan, Nowicki (full name unknown) and/or ratified by managing agents and/or officers of Defendant.  In so doing, Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

107.    Government Code § 12965(b) permits the court to award reasonable attorneys' fees to a Plaintiff that successfully pursues a FEHA claim.  Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action.  As such, Plaintiff is entitled to an award of reasonable attorneys' fees.

## NINTH CAUSE OF ACTION

### FAILURE TO PROVIDE CFRA LEAVE (GOV'T CODE § 12945.2(Q)

108.    Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

109.    At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

110.    California Government Code § 12945.2(b)(3) defines "Employer" to mean any "person who directly employers five or more persons to perform services for a wage or salary."

111.    California Government Code § 12945.2(a) states that it "shall be an unlawful employment practice for any employer, as defined in paragraph (3) of subdivision (b), to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period or who meets the requirements of subdivision (r), to take up to a total of 12 workweeks in any 12-month period for family care and medical leave. Family care and medical leave requested pursuant to this subdivision shall not be deemed to have been granted unless the employer provides the employee, upon granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave…."

112.    California Government Code § 12945.2(q) makes it unlawful "for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this section."

113.    During Plaintiff's employment with Defendant, Plaintiff sought and/or took protected leave per California Government Code § 12945.2(a) as alleged herein.

114.    Defendant took adverse actions against Plaintiff as alleged herein, at least in substantial part, in retaliation for Plaintiff's protected activities set forth herein.

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

115.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

116.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and aggravated.  As a result of the acts of Defendant, Plaintiff suffered harm to their reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

117.     The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited to Sergeant Belt, Berta Barocio-Sullivan, and Nowicki (full name unknown).  In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

118.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute their claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

## **TENTH CAUSE OF ACTION**

**RETALIATION FOR SEEKING/TAKING CFRA LEAVE (GOV'T CODE § 12945.2(K)**

119.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

120.     At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

121.     California Government Code § 12945.2(b)(3) defines "Employer" to mean any "person who directly employers five or more persons to perform services for a wage or salary."

Plaintiff's Complaint For Damages

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

122.    California Government Code § 12945.2(a) states that it "shall be an unlawful employment practice for any employer, as defined in paragraph (3) of subdivision (b), to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period or who meets the requirements of subdivision (r), to take up to a total of 12 workweeks in any 12-month period for family care and medical leave. Family care and medical leave requested pursuant to this subdivision shall not be deemed to have been granted unless the employer provides the employee, upon granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave…."

123.    California Government Code § 12945.2(k) makes it unlawful for an "employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of any of the following:  (1) An individual's exercise of the right to family care and medical leave provided by subdivision (a)…."

124.    During Plaintiff's employment with Defendant, Plaintiff sought and/or took protected leave per California Government Code § 12945.2(a) as alleged herein.

125.    Defendant took adverse actions against Plaintiff as alleged herein, at least in substantial part, in retaliation for Plaintiff's protected activities set forth herein.

126.    As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

127.    As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and aggravated.  As a result of the acts of Defendant, Plaintiff suffered harm to their reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

128.    The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

limited to Sergeant Belt, Berta Barocio-Sullivan, and Nowicki (full name unknown).  In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

129.    As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute their claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

## ELEVENTH CAUSE OF ACTION

## RETALIATION FOR USING PAID SICK LEAVE (LABOR CODE § 246.5(C)

130.    Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

131.    California Labor Code § 246.6(c)(1) states that an "employer shall not deny an employee the right to use accrued sick days, discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using accrued sick days, attempting to exercise the right to use accrued sick days, filing a complaint with the department or alleging a violation of this article, cooperating in an investigation or prosecution of an alleged violation of this article, or opposing any policy or practice or act that is prohibited by this article."

132.    California Labor Code § 246.6(c)(1) states there "shall be a rebuttable presumption of unlawful retaliation if an employer denies an employee the right to use accrued sick days, discharges, threatens to discharge, demotes, suspends, or in any manner discriminates against an employee within 30 days of any of the following:  … (C) Opposition by the employee to a policy, practice, or act that is prohibited by this article."

133.    Plaintiff is informed and believes that Plaintiff's protected conduct alleged herein was a contributing factor in Defendant's decision to terminate Plaintiff's employment, and Plaintiff alleges that Defendant's conduct was a substantial factor in causing Plaintiff's harm as alleged herein.

134.    As a proximate result of the aforesaid acts, Plaintiff has lost, and will continue to lose, substantial earnings, promotional opportunities, fringe benefits and has suffered and/or will

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial.

135.     As a proximate result of the aforesaid acts, Plaintiff has become mentally upset, distressed, embarrassed, humiliated, and aggravated in a sum to be proven at the time of trial.

136.     Pursuant to California Labor Code §§ 200, 218, and 218.5, Plaintiff is entitled to recover the full amount of Plaintiff's unpaid wages, penalties, reasonable attorneys' fees, and costs of suit.

137.     The actions alleged herein were taken by managing agents and/or officers of Defendant, including but not limited to Sergeant Belt, Berta Barocio-Sullivan, Nowicki (full name unknown) and/or ratified by managing agents and/or officers of Defendant.  In so doing, Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

## TWELFTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF LABOR CODE § 1102.5

138.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

139.     California Labor Code § 1102.5(a) states that an "employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

140.     California Labor Code § 1102.5(b) states that an "employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, to a government or law enforcement agency, or because the employer believes that the employee disclosed or may disclose information . . . to a person with authority over the employee or another

26

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

employee who has the authority to investigate, discover, or correct the violation or noncompliance . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

141.    California Labor Code § 1102.5(c) states that an "employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."

142.    California Labor Code § 1102.5(d) states that an "employer, or any person acting on behalf of the employer, shall not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment."

143.    Plaintiff is informed and believes that Plaintiff's protected conduct alleged herein was a contributing factor in Defendant's decision to terminate Plaintiff's employment, and Plaintiff alleges that Defendant's conduct was a substantial factor in causing Plaintiff's harm as alleged herein.

144.    Plaintiff reasonably believed and continues to believe that each of Plaintiff's complaints related to illegal actions taken against Plaintiff.

145.    As a proximate result of the aforesaid acts, Plaintiff has lost, and will continue to lose, substantial earnings, promotional opportunities, fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial.

146.    As a proximate result of the aforesaid acts, Plaintiff has become mentally upset, distressed, embarrassed, humiliated, and aggravated in a sum to be proven at the time of trial.

147.    California Labor Code § 1102.5(f) states that in "addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section."

148.    California Labor Code § 1102.5(j) states that the "court is authorized to award reasonable attorney's fees to a plaintiff who brings a successful action for a violation of these

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

provisions." Plaintiff will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees.

149.    The actions alleged herein were taken by managing agents and/or officers of Defendant, including but not limited to Sergeant Belt, Berta Barocio-Sullivan, Nowicki (full name unknown) and/or ratified by managing agents and/or officers of Defendant. In so doing, Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294. As such, Plaintiff is entitled to an award of punitive damages.

## THIRTEENTH CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF CALIFORNIA LABOR CODE §§ 204, 1194, 1197 AND WAGE ORDER

150.    Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

151.    At all relevant times, Plaintiff was subject to the provisions of the California Industrial Welfare Commission's Wage Orders and California Labor Code.

152.    California Labor Code § 204(a) states that wages "earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

153.    California Labor Code § 1194(a) states (in relevant part): "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

154.    California Labor Code § 1197 states (in relevant part): "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

155.    The applicable California Industrial Wage Order states: "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise."

156.     As alleged herein, Defendant violated the foregoing statutes and regulations.

157.     Pursuant to California Labor Code § 218.5, 1194, 1194.2, 1197.1, 1197.2, Plaintiff is entitled to recover the full amount of their unpaid wages, liquidated damages, waiting time penalties, reasonable attorneys' fees, and costs of suit.  Plaintiff is entitled to recover interest on all due and unpaid wages and waiting time penalties under Labor Code § 218.6 and/or Civil Code § 3287(a).

## FOURTEETH CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE §§ 510, 1194, 1198, 1199 AND WAGE ORDER

158.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

159.     At all relevant times, Plaintiff was subject to the provisions of the California Industrial Welfare Commission's Wage Orders and California Labor Code.

160.     The applicable Industrial Welfare Commission Wage Order provides that: "(A) Daily Overtime – General Provisions.  (1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work.  Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.  Eight (8) hours of labor constitutes a day's work.  Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked In excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek.; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th)

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD , SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

consecutive day of work in a workweek. (c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary.

161.    California Labor Code § 510 provides that: (a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

162.    California Labor Code § 1194 provides in relevant part: (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's, and costs of suit.

163.    California Labor Code § 218.5 provides in relevant part:  In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.

164.    At all relevant times, throughout Plaintiff's employment, Plaintiff regularly and with Defendant's knowledge worked more than eight (8) hours in working day.

165.    Plaintiff alleges that Defendant did not pay 1 ½ times the legal minimum hourly wage rate for all the hours worked over eight (8) hours in a work day and/or 40 hours in a work week.  Plaintiff alleges that Defendant did not pay two times the legal minimum hourly rate for all the hours worked over twelve (12) hours in a work day.

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

166.   During the relevant time period, Defendant intentionally and willfully failed to pay for all hours Defendant suffered and/or permitted Plaintiff to work, including for overtime hours.

167.   Plaintiff alleges that wages are due to Plaintiff for all hours worked during which Plaintiff was not paid proper overtime wages pursuant California Labor Code §§ 510 and 1194 and all applicable laws, rules, orders, requirements and regulations.

168.   Plaintiff demands all applicable reimbursements, interest and penalties for lost overtime wages.

169.   Plaintiff further demands reasonable attorneys' fees and costs of suit pursuant to California Labor Code §§ 218.5, 1194, and any other applicable statute or regulation.

### FIFTEENTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF LABOR CODE §§ 226.7, 512 AND WAGE ORDER

170.   Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

171.   At all relevant times, Plaintiff was subject to the provisions of the California Industrial Welfare Commission's Wage Orders and California Labor Code.

172.   California Labor Code § 512(a) states (in relevant part): "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

173.   The applicable Industrial Welfare Commission Wage Order provides that:  No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

174.   California Labor Code § 226.7(b) provides:  If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

175.    Defendant worked Plaintiff more than five hours per day without an off-duty, timely, and/or uninterrupted 30-minute meal period as required by California Labor Code § 512 and the applicable Industrial Welfare Commission Wage Order.  Furthermore, Plaintiff worked more than six (6) hours in a workday and did not waive their right to their meal period by mutual consent.  Defendant's policy and practice was not to compensate Plaintiff with the full amount of pay due and owing as required by California Labor Code § 226.7, and the applicable Industrial Welfare Commission order (i.e., one hour of pay per day per lunch period at the employee's regular rate of compensation).

176.    Plaintiff demands all applicable reimbursements, interest and penalties for their lost wages.

177.    Plaintiff demands reasonable attorneys' fees and costs of suit pursuant to California Labor Code §§ 218.5, 1194, and any other applicable statute or regulation.

## SIXTEENTH CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND PERMIT REST PERIODS IN VIOLATION OF LABOR CODE § 226.7 AND WAGE ORDER 4-2001

178.    Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

179.    At all relevant times, Plaintiff was subject to the provisions of the California Industrial Welfare Commission's Wage Orders and California Labor Code.

180.    California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California Industrial Welfare Commission.

181.    The applicable Industrial Welfare Commission Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

hours or major fraction thereof unless the total daily work time is less than three and one-half (3 ½) hours."

182.    Defendant's conduct violates applicable Wage Orders and California Labor Code § 226.7.  During the relevant time period, Defendant required Plaintiff to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.  During the relevant time period, Defendant willfully required Plaintiff to work during rest periods and failed to pay Plaintiff the full rest period premium for work performed during rest periods.

183.    During the relevant time period, Defendant failed to pay Plaintiff the full rest period premium due pursuant to California Labor Code § 226.7.

184.    Pursuant to the applicable Industrial Welfare Commission Wage Order and California Labor Code § 226.7(b), Plaintiff is entitled to recover from Defendant one additional hour of pay at the employee's regularly hourly rate of compensation for each work day that the rest period was not provided.

## SEVENTEENTH CAUSE OF ACTION

## FAILURE TO FURNISH COMPLIANT WAGE STATEMENTS IN VIOLATION OF LABOR CODE § 226(a)

185.    Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

186.    At all relevant times, Plaintiff was subject to the provisions of the California Industrial Welfare Commission's Wage Orders and California Labor Code.

187.    California Labor Code § 226(a) provides that every employer shall furnish each of their employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and their or their social security number, (8) the name and address of the

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

188.    California Labor Code § 226(e)(1) provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

189.    California Labor Code § 226.3 provides that "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law."

190.    As alleged herein, Plaintiff has suffered injury and damage to their statutory-protected rights by as it intentionally and willfully failed to provide Plaintiff with complete and accurate wage statements as alleged herein.

191.    Plaintiff is entitled to recover from Defendant the greater of their actual damages caused by Defendant's failure to comply with California Labor Code § 226(a), or pursuant to California Labor Code § 226(e), an aggregate penalty not exceeding four thousand dollars per employee, and an award of costs and reasonable attorney's fees.

## EIGHTEENTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES OWED UPON TERMINATION IN VIOLATION OF LABOR CODE §§ 201-203

192.    Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

193.    At all relevant times, Plaintiff was subject to the provisions of the California Industrial Welfare Commission's Wage Orders and California Labor Code.

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

194.    California Labor Code §§ 201 and 203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

195.    California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

196.    As alleged herein, Defendant intentionally and willfully failed to pay Plaintiff all wages, earned and unpaid (including overtime compensation), immediately upon discharge. Defendant's failure in this regard violates California Labor Code §§ 201 and 203.

197.    On information and belief, Plaintiff alleges that Defendant's failure to pay Plaintiff all wages earned upon their discharge in accordance with Labor Code § 201 was willful.  At all times relevant, Defendant had the ability to pay all earned and unpaid wages in accordance with Labor Code § 201 but intentionally chose not to comply.

198.    Pursuant to Labor Code §§ 203 and 218.5, Plaintiff is entitled to recover the full amount of their unpaid wages, waiting time penalties, reasonable attorneys' fees, and costs of suit. Plaintiff is entitled to recover interest on all due and unpaid wages and waiting time penalties under Labor Code § 218.6 and/or Civil Code § 3287(a).

## NINETEENTH CAUSE OF ACTION

### FAILURE TO PROVIDE PERSONNEL FILE IN VIOLATION OF LABOR CODE § 1198.5

199.    Plaintiff incorporates by reference all of the preceding and subsequent paragraphs.

200.    At all relevant times, Plaintiff was subject to the provisions of the California Labor Code.

201.    California Labor Code § 1198.5(c) requires that an employer shall "maintain a copy of each employee's personnel records for a period of not less than three years after termination of employment."  Labor Code § 1198.5(c)(3)(A) requires ("[t]he employer shall do all of the following . . .[w]ith regard to former employees, make a former employee's personnel records available for inspection, and, if requested by the employee or his or her representative,

35

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

1  provide a copy thereof . . .").  California Labor Code § 1198.5(b) requires that the employer must

2  provide the personnel record within 30 days of the employee making a written request.

3  202.  California Labor Code § 1198.5(k) provides that:  "If an employer fails to permit a

4  current or former employee, or his or her representative, to inspect or copy personnel records

5  within the times specified in this section, or times agreed to by mutual agreement as provided in

6  this section, the current or former employee or the Labor Commissioner may recover a penalty of

7  seven hundred fifty dollars ($750) from the employer."

8  203.  California Labor Code § 1198.5(l) provides that "[a] current or former employee

9  may also bring an action for injunctive relief to obtain compliance with this section, and may

10  recover costs and reasonable attorney's fees in such an action."

11  204.  Plaintiff alleges that Defendant failed to provide Plaintiff's personnel file under the

12  time allotted under California law.  Plaintiff's authorized representative requested Plaintiff's

13  personnel file and the formal written request was received by Defendant on or about March 26,

14  2021, and no later than April 15, 2021.

15  205.  Plaintiff seeks the penalty of $750, costs of suit, and reasonable attorneys' fees.

16  **TWENTIETH CAUSE OF ACTION**

17  **PAGA REPRESENTATIVE ACTION FOR PENALTIES PER LABOR CODE § 2698.**

18  206.  Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

19  207.  Under the California Private Attorneys General Act of 2004 ("PAGA"), Labor

20  Code §§ 2698-2699.5, private parties may recover civil penalties for violations of the Labor Code.

21  These penalties are in addition to any other relief available under the Labor Code. As set forth

22  above, Defendant has committed numerous violations of the Labor Code against Plaintiff,

23  including but not limited to:

24  •  **Labor Code §§ 201, 201.5, 202, 203**.  Failure to pay all wages immediately upon

25  termination or within 72 hours after notice of separation.

26  •  **Labor Code § 204**.  Failure to pay all earned wages within the time prescribed in

27  Labor Code §§ 204(a) and 204(b).

28  •  **Labor Code § 206**.  Failure to pay all undisputedly owed wages.

36

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

- **Labor Code § 210**.  Failure to pay wages as required by Labor Code §§ 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and/or 1197.5.

- **Labor Code § 221**.  Failure to not collect and receive owed wages.

- **Labor Code § 226**.  Failure to provide timely and accurate wage statements.

- **Labor Code § 226.3**.  Failure to comply with Labor Code § 226(a).

- **Labor Code § 226.7**.  Failure to provide proper rest periods and failure to provide an additional hour of pay at the regular rate of compensation in lieu of the mandated rest periods.

- **[deleted Labor Code §§ 226.7 and 512**.  Failure to provide proper meal periods and failure to provide an additional hour of pay at the regular rate of compensation in lieu of the mandated meal periods.]

- **Labor Code §§ 510 and 1194**.  Failure to pay overtime and double time compensation.

- **Labor Code §§ 510, 1194, 1194.2, and 1197**.  Failure to pay minimum wages, including overtime and double time compensation at the minimum wage rate.

- **Labor Code § 558**.  Violation of a section of the chapter of the Labor Code starting with Labor Code § 500, *et seq*., or any provision regulating hours and days of work in any order of the Industrial Welfare Commission.

- **Labor Code § 558.1**.  Violation of any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, and violating Labor Code §§ 203, 226, 226.7, 1193.1, and/or 1194.

- **Labor Code § 1174**.  Failure to maintain compliant employee and payroll records.

- **Labor Code § 1197.1**.  Failure to pay minimum wage.

- **Labor Code § 1199**.  Violation of the provisions of an order of the Industrial Welfare Commission.

- **Labor Code § 1198**.  Violation of the following sections of orders of the Industrial Welfare Commission for conditions of labor prohibited by such:

- **Wage Order 1-2001 (or other applicable Wage Order), Section 3**, requiring an employer to pay overtime and double time compensation.

Plaintiff's Complaint For Damages

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

- **Wage Order 1-2001 (or other applicable Wage Order), Section 4**, requiring an employer to pay minimum wages, including overtime and double time compensation at the minimum wage rate.

- **Wage Order 1-2001 (or other applicable Wage Order), Section 7**, requiring an employer to maintain accurate information with respect to each employee; provide employees with thorough and accurate itemized wage statements; and, provide clocks within a reasonable distance from employees' work areas.

- **Wage Order 1-2001 (or other applicable Wage Order), Section 11**, requiring an employer to provide its employees with adequate meal periods and an additional hour of pay at the regular rate of compensation in lieu of the mandated rest periods.

- **Wage Order 1-2001 (or other applicable Wage Order), Section 12**, requiring an employer to provide its employees with adequate rest periods and an additional hour of pay at the regular rate of compensation in lieu of the mandated rest periods.

- **Wage Order 1-2001 (or other applicable Wage Order), Section 13**, requiring an employer to provide its employees with suitable lockers, closets, or equivalent for the safekeeping of employees' outer clothing during working hours; provide change rooms or equivalent space in order that employees may change their clothing in reasonable privacy and comfort and separate from toilet rooms and kept clean and for their work clothing during non-working hours; and, provide suitable resting facilities in an area separate from the toilet rooms available to employees during working hours.

208.    Plaintiff is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of him/herself and other current and former employees of Defendant pursuant to the procedures specified in California Labor Code § 2699.3, because Plaintiff is employed by Defendant and the alleged violations of the California Labor Code were committed against Plaintiff.

209.    Pursuant to California Labor Code § 2699.3, Plaintiff gave written notice on April 12, 2021, by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to Defendant of the specific provisions of the California Labor

38

Plaintiff's Complaint For Damages

Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. More than 65 days have passed since Plaintiff provided written notice to the LWDA. The LWDA has not provided notice that it intends to investigate PLAINTIFF'S claims.

210.    Pursuant to California Labor Code § 2699.3, Plaintiff served Defendant with the aforementioned LWDA notice via certified mail on or about April 12, 2021.  More than 33 days have passed since that date. Defendant has  not  provided  Plaintiff with  notice  that  it  cured  any of  the violations alleged therein.

211.    Per the tolling provision in Labor Code § 2699.3(g), the period of liability under Plaintiff's PAGA claim extends one year and sixty-five days before the filing of this complaint (the "PAGA Liability Period").

212.    Accordingly, Plaintiff has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

213.    Pursuant to PAGA, Plaintiff seeks civil penalties due to Plaintiff, other aggrieved employees, and the State of California according to proof, pursuant to the California Labor Code, including California Labor Code §§ 2699(a) and 2699(f), which provides for $100 for each initial violation and $200 for each subsequent violation per employee pay period.  In addition, pursuant to PAGA, Plaintiff seeks to recover civil penalties, including but not limited to penalties under Labor Code §§ 210, 225.5, 226.3, 558, 1174.5, 1197.1, and 1199 from Defendant in a representative action for the violations set forth above.  Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

### JURY TRIAL DEMANDED

214.    Plaintiff demands a jury as to all causes of action.

### PRAYER FOR RELIEF

215.    WHEREFORE, Plaintiff prays judgment against Defendant as follows:

a.   For general economic damages according to proof;

b.   For general non-economic damages according to proof

c.   For special damages according to proof;

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

d. For punitive damages where allowed by law;

e. For prejudgment interest pursuant to California Labor Code § 218.6, California Civil Code § 3287 and/or California Civil Code § 3288 and/or any other provision of law providing for prejudgment interest;

f. For attorneys' fees where allowed by law;

g. For costs of suit incurred herein; and

h. For such other and further relief as this Court deems just and proper.

DATED: June 28, 2021                          COLBY LAW FIRM, PC
                                              AARON N. COLBY

                                              By:_____
                                                          AARON N. COLBY

                                              Attorneys for Plaintiff
                                              SAMDEESHIA BELL

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

# EXHIBIT 2

1   Superior Court of California
    County of San Bernardino
2   247 W. Third Street, Dept. S-26
    San Bernardino, CA 92415-0210
3
4
5
6
7
8
9
10

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 01 2021

BY _____
ALFIE CERVANTES, DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN BERNARDINO, SAN BERNARDINO DISTRICT

| | |
|---|---|
| 11   SAMDEESHIA BELL | ) Case No.: CIVSB 2124811 |
| 12 | ) |
| 13             vs. | ) |
| 14 | ) |
| 15 | ) **INITIAL CASE MANAGEMENT** |
| 16   GEO SECURE SERVICES, LLC | ) **CONFERENCE ORDER** |
| 17 | ) |
| 18 | ) |
| 19 | ) |
| 20 | ) |

21

22          This case is assigned for all purposes to Judge David Cohn in the Complex

23   Litigation Program, Department S-26, located at the San Bernardino Justice Center, 247

24   West Third Street, San Bernardino, California, 92415-0210.  Telephone numbers for

25   Department S-26 are (909) 521-3519 (Judicial Assistant) and (909) 708-8866 (Court

26   Attendant).

27

28

-1-

## THE INITIAL CASE MANAGEMENT CONFERENCE

An initial Case Management Conference (CMC) is scheduled for DEC 1 6 2021 at 9:00 a.m.  The initial CMC will be conducted remotely, via CourtCall.  Contact CourtCall at (888) 882-6878 (www.CourtCall.com) to schedule your appearance. CourtCall may be used for all CMCs, motions, and other hearings.  In person attendance is not required except as specifically ordered by the court.

Counsel for all parties are ordered to attend the initial CMC.  If there are defendants who have not yet made a general or special appearance, those parties who are presently before the court may jointly request a continuance of the initial CMC to allow additional time for such non-appearing defendants to make their general or special appearances.   Such a request should be made by submitting a Stipulation and Proposed Order to the Court, filed directly in Department S-26, no later than five court days before the scheduled hearing.

## STAY OF THE PROCEEDINGS

**Pending further order of this Court, and except as otherwise provided in this Order, these proceedings are stayed in their entirety.  This stay precludes the filing of any amended complaint, answer, demurrer, motion to strike, motion to compel arbitration, or motion challenging the jurisdiction of the Court.  Violation of this order may result in the imposition of monetary sanctions.**

Each defendant, however, is directed to file a Notice of General Appearance (or Notice of Special Appearance if counsel intends to challenge personal jurisdiction) for purposes of identification of counsel and preparation of a service list.  The filing of a Notice of General Appearance is without prejudice to any substantive or procedural challenges to the complaint (including subject matter jurisdiction), without prejudice to

-2-

any denial or affirmative defense, and without prejudice to the filing of any cross-complaint.  The filing of a Notice of Special Appearance is without prejudice to any challenge to the court's exercise of personal jurisdiction.  This stay of the proceedings is issued to assist the court and the parties in managing this case through the development of an orderly schedule for briefing and hearings on any procedural or substantive challenges to the complaint and other issues that may assist in the orderly management of this case.  This stay shall not preclude the parties from informally exchanging documents and other information that may assist them in their initial evaluation of the issues.

## SERVICE OF THIS ORDER

**Plaintiffs' counsel is ordered to serve this Order on counsel for each defendant, or, if counsel is not known, on each defendant within five days of the date of this Order.  If the complaint has not been served as the date of this Order, counsel for plaintiff is to serve the complaint along with this Order within ten days of the date of this Order.  Failure to serve this order may result in the imposition of monetary sanctions.**

## AGENDA FOR THE INITIAL CASE MANAGEMENT CONFERENCE

Counsel for all parties are ordered to meet and confer in person no *later* than fourteen days before the initial CMC to discuss the subjects listed below.  Counsel must be fully prepared to discuss these subjects with the court:

1. Any issues of recusal or disqualification;

2. Any potentially dispositive or important threshold issues of law or fact that, if considered by the court, may simplify or further resolution of the case;

3. Appropriate mechanisms for Alternative Dispute Resolution;

-3-

4. A plan for the preservation of evidence and a uniform system for the identification of documents to be used throughout the course of this litigation, including discovery and trial;

5. A discovery plan for the disclosure and production of documents and other discovery, including whether the court should order automatic disclosures, patterned on Federal Rule of Civil Procedure 26(a) or otherwise;

6. Whether it is advisable to conduct discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case;

7. Any issues involving the protection of evidence and confidentiality;

8. The use and selection of an electronic service provider;

9. The handling of any potential publicity issues;

10. Any other issues counsel deem appropriate to address with the court.

### THE JOINT REPORT

Counsel are ordered to prepare a Joint Report for the initial CMC, to be filed directly in Department S-26 (not in the Clerk's office), no later than ten days before the conference date. **Separate reports from each party are not allowed. Judicial Council form CMC statements are not allowed.** The Joint Report must include the following:

1. Whether the case should or should not be treated as complex;

2. Whether additional parties are likely to be added and a proposed date by which all parties must be served;

3. A service list (the service list should identify all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses, and fax numbers for all counsel.)

-4-

4. Whether the court should issue an order requiring electronic service. Counsel should advise the court regarding any preferred web-based electronic service provider;

5. Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case.

6. Whether there are applicable arbitration agreements, and the parties' views on their enforceability;

7. A list of all related litigation pending in this or other courts (state and federal), a brief description of any such litigation, including the name of the judge assigned to the case, and a statement whether any additional related litigation is anticipated;

8. A description of the major factual and legal issues in the case. The parties should address any contracts, statutes, or regulations on which claims or defenses are based, or which will require interpretation in adjudicating the claims and defenses;

9. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

10. A discovery plan, including the time need to conduct discovery and whether discovery should be conducted in phases or limited (and, if so, the order of phasing or types of limitations). With respect to the discovery of electronically stored information (ESI ), the plan should include:

    a. Identification of the Information Management Systems used by the parties;

Revised 6/21/21

b. The location and custodians of information that is likely to be subject to production (including the identification of network and email servers and hard-drives maintained by custodians);

c. The types of ESI that will be requested and produced, e.g. data files, emails, etc.;

d. The format in which ESI will be produced;

e. Appropriate search criteria for focused requests.

f. A statement whether the parties will allow their respective IT consultants or employees to participate directly in the meet and confer process.

11. Whether the parties will stipulate that discovery stays or other stays entered by the court for case management purposes will be excluded in determining the statutory period for bringing the case to trial under Code of Civil Procedure Section 583.310 (the Five Year Rule).

12. Recommended dates and times for the following:

a. The next CMC (absent special circumstances, the court typically schedules the next CMC approximately six months out);

b. A schedule for any contemplated ADR;

c. A filing deadline (and proposed briefing schedule) for any anticipated non-discovery motions.

d. With respect to class actions, the parties' tentative views on an appropriate deadline for a class certification motion to be filed.

To the extent the parties are unable to agree on any matter to be addressed in the Joint Report, the positions of each party or of various parties should be set forth separately. The parties are encouraged to propose, either jointly or separately, any

-6-

1   approaches to case management that they believe will promote the fair and efficient
2   handling of this case.

3       Any stipulations to continue conferences or other hearings throughout this
4   litigation must be filed with the court directly in Department S-26 (not in the Clerk's
5
6   office), no later than five court days before the conference or hearing date.

7   ### INFORMAL DISCOVERY CONFERENCES

8       Motions concerning discovery cannot be filed without first requesting an informal
9   discovery conference (IDC) with the court.  Making a request for an IDC automatically
10
11   stays the deadline for filing any such motion.  IDCs are conducted remotely, via the
12   BlueJeans Video Conferencing program.  Attendees will need to download the
13   BlueJeans program (available from the app stores for IOS or Android) to a computer,
14   laptop, tablet, or smartphone.  If the device being used does not have camera
15   capability, the BlueJeans application offers an audio-only option.  Video appearance at
16   the IDC, however, is encouraged.  The Court will provide a link to join the conference at
17
18   the appointed time.  Please provide Department S-26's Judicial Assistant ((909) 521-
19   3519) or Court Attendant ((909) 708-8866) with an e-mail address.  No briefing is
20   required for the IDC, but counsel (either jointly or separately) should lodge (not file) a
21   one page statement of the issues in dispute in Department S-26 no later than the day
22   before the IDC.
23

24
25   Dated: _____10/1_____ , 2021.
26

27   DAVID COHN
28       David Cohn,
         Judge of the Superior Court

-7-

# EXHIBIT 3

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JEFFREY S. RANEN, SB# 224285
2     E-Mail: Jeffrey.Ranen@lewisbrisbois.com
   RYAN M. DEAM, SB# 252505
3     E-Mail: Ryan.Deam@lewisbrisbois.com
   ZACHARY S. TUCKER, SB #323084
4     E-Mail: Zachary.Tucker@lewisbrisbois.com
   633 West 5th Street, Suite 4000
5  Los Angeles, California 90071
   Telephone: (213) 250-1800
6  Facsimile: (213) 250-7900

7  Attorneys for GEO SECURE SERVICES, LLC

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF SAN BERNARDINO

11

12  SAMDEESHIA BELL,                      | Case No. CIVSB2124811

13              Plaintiff,                | **GEO SECURE SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

14      vs.

15  GEO SECURE SERVICES, LLC, a           | Assigned for All Purposes to:
    corporation; and DOES 1 through 20    | Hon. David Cohn, Dept. S-26
16  inclusive,,
                                          | Action Filed:  August 26, 2021
17              Defendant.                | Trial Date:    None Set

18

19      Defendant GEO SECURE SERVICES, LLC ("Defendant") hereby answers Plaintiff

20  Samdeeshia Bell's ("Plaintiff") Complaint as follows:

21      Answering Defendant adamantly denies the frivolous and fabricated claims made by

22  Plaintiff.  In her Complaint, Plaintiff made patently false accusations against the Defendant in a

23  deliberate attempt to deceive this Court and the public for purposes of her own gain.

24                          **GENERAL DENIAL**

25      1.      Pursuant to the provisions of California *Code of Civil Procedure*, section

26  431.30(d), Defendant denies, both generally and specifically, each and every allegation of said

27  Complaint, and the whole thereof, including each and every purported cause of action contained

28  therein, and denies that Plaintiff sustained or will sustain damages in the sums alleged, or any



4867-3818-9571.1

GEO SECURE SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

1    other sums, or at all.

2       2.      Further answering the Complaint herein, and the whole thereof, Defendant denies

3    that Plaintiff sustained any injuries, damage or loss, if any, by reason of any act, omission, or

4    negligence on the part of Defendant.

5                       **FIRST AFFIRMATIVE DEFENSE**

6                       (Failure to State a Cause of Action)

7       3.      Neither the Complaint nor the purported causes of action alleged therein state facts

8    sufficient to constitute a claim upon which relief can be granted.

9                       **SECOND AFFIRMATIVE DEFENSE**

10                      (Reasonableness and Good Faith)

11      4.      Defendant and its agents acted reasonably and in good faith at all times material

12   herein based on all relevant facts and circumstances known by them at the time they so acted.

13   Accordingly, Plaintiff is barred from any recovery in this action.

14                      **THIRD AFFIRMATIVE DEFENSE**

15                      (Failure to Mitigate Damages)

16      5.      If Plaintiff suffered any damages as a result of the facts alleged in her Complaint,

17   which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any

18   damages, due to her failure to make reasonable efforts to mitigate or minimize the damages

19   incurred.

20                      **FOURTH AFFIRMATIVE DEFENSE**

21                      (Statute of Limitations)

22      6.      Certain of Plaintiff's claims are barred in whole or in part to the extent the events

23   complained of took place more than three (3) years prior to the filing of Plaintiff's Complaint with

24   the California Department of Fair Employment and Housing and/or one (1) year or two (2) years

25   prior to the filing of the Complaint in this action, pursuant to California Government Code section

26   12965, subdivision (b) and more than one (1) year, (3) years, or four (4) years prior to the filing of

27   the Complaint pursuant to California Code of Civil Procedure sections 338 and 340 and the

28   statutes of limitations applicable to Labor Code sections 98.6, 246, 246.5, 248.5, 1102.5; 2698.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## FIFTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

7.     Plaintiff's Complaint is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence Defendant has presently and/or may acquire during the course of this litigation.

## SIXTH AFFIRMATIVE DEFENSE

### (Consent)

8.     Defendant alleges that Plaintiff, at all relevant times, gave her consent, express or implied, to the alleged acts, omissions and conduct of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

9.     Defendant is informed and believes and thereon alleges that Plaintiff's causes of action are barred as Plaintiff has failed to satisfy the statutory prerequisites to sue and to exhaust administrative remedies under the Fair Employment and Housing Act, Government Code section 12940 et seq., the Equal Employment Opportunity Commission, 42 U.S.C. section 2000(e), et seq. (Title VII of the Civil Rights Act of 1964), the California Labor Code (including the statutes of limitations applicable to Labor Code sections 98.6, 246, 246.5, 248.5, and 1102.5), in addition to the statutes of limitations pursuant to the relevant collective bargaining, agreement, and/or any other applicable administrative remedy.

## EIGHTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

10.     Plaintiff is precluded from recovering the damages alleged in the Complaint because those damages are too vague, uncertain, and speculative to permit recovery.

## NINTH AFFIRMATIVE DEFENSE

### (No Entitlement to Punitive Damages)

11.     Plaintiff's Complaint, and each and every cause of action set forth therein alleged against Defendant, fails to state facts sufficient to recover punitive or exemplary damages or to show that Defendant was guilty of malice, oppression or fraud as required by California Code of



**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

1  Civil Procedure section 3294.

2  ### TENTH AFFIRMATIVE DEFENSE

3  (Procedural Due Process)

4  12.  Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages,

5  violates the rights of Defendant to procedural due process under the Fourteenth Amendment to the

6  United States Constitution and under the Constitution of the State of California and, therefore,

7  fails to state a cause of action upon which punitive or exemplary damages may be awarded.

8  ### ELEVENTH AFFIRMATIVE DEFENSE

9  (Waiver)

10  13.  Plaintiff has waived whatever right she may have had to assert the purported claims

11  contained in the Complaint and each purported cause of action thereof against Defendant.

12  ### TWELFTH AFFIRMATIVE DEFENSE

13  (Unclean Hands)

14  14.  Plaintiff is barred from maintaining the Complaint and each purported cause of

15  action therein as a result of her unclean hands with respect to the events upon which the Complaint

16  and purported causes of action allegedly are based.

17  ### THIRTEENTH AFFIRMATIVE DEFENSE

18  (Estoppel)

19  15.  Any of the conduct of Defendant that is alleged to be unlawful was taken as a result

20  of conduct by Plaintiff, and Plaintiff is thus estopped to assert any cause of action against

21  Defendant.

22  ### FOURTEENTH AFFIRMATIVE DEFENSE

23  (Legitimate Non-Discriminatory Actions)

24  16.  Plaintiff is barred from any recovery in this action because all of Defendant's

25  actions toward Plaintiff were taken for legitimate, non-discriminatory reasons.

26  ### FIFTEENTH AFFIRMATIVE DEFENSE

27  (Business Justification)

28  17.  Defendant's activities undertaken with respect to Plaintiff, if any, were justified as

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4867-3818-9571.1

4

1  such activities were proper, fair, and legitimate business activities and/or due to business-related

2  reasons which were neither arbitrary, capricious, nor unlawful.

3  **SIXTEENTH AFFIRMATIVE DEFENSE**

4  (No Notice)

5  18.    Plaintiff's claims for relief pursuant to the Fair Employment and Housing Act are

6  barred because Defendant had no notice of any alleged violation thereof.

7  **SEVENTEENTH AFFIRMATIVE DEFENSE**

8  (Plaintiff's Alleged Disability Not a Factor)

9  19.    Any recovery on Plaintiff's Complaint or any purported cause of action alleged

10  therein, is barred because Plaintiff's alleged disability was not a factor or consideration in any

11  decision made by Defendant concerning any of Plaintiff's terms or conditions of employment.

12  **EIGHTEENTH AFFIRMATIVE DEFENSE**

13  (Engaged in Good Faith Interactive Process)

14  20.    Defendant engaged in a timely, good faith, interactive process with the Plaintiff to

15  determine if an effective reasonable accommodation was available.

16  **NINETEENTH AFFIRMATIVE DEFENSE**

17  (Reasonable Accommodations)

18  21.    Defendant maintains that it made all accommodations that were reasonably

19  necessary to accommodate Plaintiff's claimed disability.

20  **TWENTIETH AFFIRMATIVE DEFENSE**

21  (Undue Hardship)

22  22.    Defendant maintains that they made all accommodations that were reasonably

23  necessary to accommodate Plaintiff's claimed disability.  However, if any accommodation could

24  not be provided to Plaintiff it was because providing such an accommodation would have created

25  an undue hardship for Defendant.

26  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

27  (Avoidable Consequences)

28  23.    Plaintiff failed to utilize or exhaust, in good faith, Defendant's reasonable internal

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4867-3818-9571.1

5

1  grievance procedures, thus failing to avoid the consequences of any alleged discrimination or other

2  alleged unlawful act.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Laches)

24.     Plaintiff is barred by the doctrine of laches from pursuing her Complaint and each

purported cause of action therein by the equitable doctrine of laches.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Maintenance of Anti-Discrimination, Anti-Harassment, and Anti-Retaliation Policies)

25.     Defendant maintained and enforced strict anti-discrimination, anti-harassment, and

anti-retaliation policies.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Failure to Use Ordinary Care)

26.     Plaintiff's purported causes of action fail to state facts sufficient to constitute

causes of action because Plaintiff willfully breached her duties to Defendant, neglected her duties,

failed to perform her duties, and/or failed to use ordinary care and diligence in the performance of

her duties to Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Plaintiff's Acts)

27.     Defendant alleges that Plaintiff's damages, if any, were caused by Plaintiff's own

intentional or negligent acts, thus barring or limiting Plaintiff's right of recovery.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Mixed-Motive)

28.     At the time of Plaintiff's alleged termination, there existed a legitimate reason to

terminate Plaintiff which, standing alone, would have induced Defendant to make the same

decision to terminate Plaintiff.  (*Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 231.)

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Mixed-Motive)

29.     Plaintiff is precluded from recovery of reinstatement, back pay or damages because

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    of the mixed motive doctrine.  (*Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 231.)

2    ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

3    (No Intentional Conduct)

4        30.     Defendant did not engage in intentional conduct entitling Plaintiff to recovery of

5    damages under her causes of action.

6    ### TWENTY-NINTH AFFIRMATIVE DEFENSE

7    (Remediation)

8        31.     To the *extent* that Plaintiffs complained of any unlawful conduct, prompt remedial

9    action was taken.

10   ### THIRTIETH AFFIRMATIVE DEFENSE

11   (Good Cause for Termination)

12       32.     Plaintiff was terminated for *good* cause and sufficient non-discriminatory reasons.

13   Accordingly, Plaintiff is barred from any recovery in this action.

14   ### THIRTY-FIRST AFFIRMATIVE DEFENSE

15   (Lack of Standing)

16       33.     Plaintiff lacks standing to bring some or all of the claims alleged against

17   Defendant.

18   ### THIRTY-SECOND AFFIRMATIVE DEFENSE

19   (PAGA - Unconstitutionality)

20       34.     Plaintiff's demand for penalties pursuant to California Labor Code Private

21   Attorneys General Act of 2004, Labor Code Section 2698, et seq., are barred because they would

22   violate Defendant's constitutional rights under the Due Process clauses under the United States

23   and California Constitutions and the imposition of such penalties would be unjust, arbitrary,

24   oppressive or confiscary.

25   ### THIRTY-THIRD AFFIRMATIVE DEFENSE

26   (Unmanageable PAGA Claims)

27       35.     Plaintiff's PAGA claims, and those of the putative class members, are barred in

28   whole or in part, because Plaintiff cannot establish a manageable PAGA trial.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Actions Adverse to Aggrieved Employees)

36.     Defendant alleges that Plaintiff's claims are barred and/or reduced by virtue of Plaintiff and his attorneys having taken actions adverse and inimical to the interests of the aggrieved employee members, and for their own benefit, and by purporting to act when Plaintiff has and had an irreconcilable conflict of interest with the aggrieved employee members, rendering any judgment, award or settlement void or voidable.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Deficient PAGA Notice)

37.     Defendant alleges that Plaintiff's PAGA Notice failed to allege the necessary facts and identify the required Labor Code sections to support those plead in the Complaint.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

38.     Plaintiff is not entitled to a recovery of equitable or injunctive relief because Plaintiff has suffered no irreparable injury based upon any alleged conduct of Defendant, and Plaintiff has an adequate remedy at law for any such conduct.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Reasonable Preventative and Corrective Action)

39.     Defendant alleges that it has, at all times, taken reasonable care to prevent and promptly correct any workplace discrimination from occurring, which Plaintiff unreasonably failed to utilize.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Workers' Compensation)

40.     Plaintiff is barred from seeking any damages for purported physical, mental or emotional injuries allegedly suffered as a result of her employment in that the sole and exclusive remedy in the respect is and was governed by the California Workers' Compensation Act, California Labor Code sections 3200-4627.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

(No Injury)

41.     The Complaint, and each purported cause of action for relief alleged therein, are barred in whole or in part because Plaintiff cannot demonstrate she suffered any cognizable injury resulting from Defendant's alleged actions, or actions attributable to Defendant.

**FORTIETH AFFIRMATIVE DEFENSE**

(Lack of Pretext)

42.     Defendant alleges that Plaintiff cannot establish that Defendant's articulated reason for Plaintiff's separation was a pretext for unlawful discrimination, retaliation, or harassment.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

(No Violation of Public Policy)

43.     The Complaint, and each purported cause of action alleged therein, is barred because Defendant did not violate any constitutional provision, state statute, regulation, or other substantial public policy of the State of California with regard to Plaintiff's employment and alleged constructive termination.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

(Conduct of Others, Including Plaintiff)

44.     Should it be found that Defendant is liable for any damages stated by Plaintiff, which Defendant specifically denies, Defendant alleges that such damages were proximately caused and/or contributed to by parties other than Defendant, including Plaintiff, whether served or not served in this case, and/or by other persons or entities not presently parties to this action.  It is necessary that the proportionate degree of fault and/or legal responsibility of each and every person or entity be determined and prorated and that any judgment that may be rendered against Defendant be reduced not only by the degree of fault or other legal responsibility attributable to Plaintiff, but by the total of that degree of fault and/or other legal responsibility found to exist as to other person(s) and/or entities as well.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

### FORTY-THIRD AFFIRMATIVE DEFENSE

(Cause in Fact)

45.     Plaintiff cannot prove any facts showing that the conduct of Defendant was the cause in fact of any alleged injuries or damages suffered by Plaintiff as alleged in the Complaint.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

(Proximate Cause)

46.     Plaintiff cannot prove any facts showing that the conduct of Defendant was the proximate or legal cause of any injuries or damages as alleged in the Complaint.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

(No Retaliation)

47.     Defendant's actions toward Plaintiff, if any, did not constitute retaliation for complaining about alleged violations of the law.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

(Conduct Outside the Scope of Defendant's Control)

48.     The alleged conduct giving rise to Plaintiff's Complaint occurred outside the scope of Defendant's control and/or supervision.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

(Privileges)

49.     Defendant alleges that they are entitled to all privileges available to them to the extent provided by the California *Civil Code*.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

(Excuse)

50.     Defendant alleges that Plaintiff has expressly or impliedly by operation of law excused Defendant from any and all obligations alleged in the Complaint and the purported causes of action of action contained therein.

### FORTY-NINTH AFFIRMATIVE DEFENSE

(No Pervasive or Severe Conduct)

51.     Plaintiff is precluded from any recovery because Defendant did not engage in any



**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

4867-3818-9571.1

10

GEO SECURE SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

1  conduct that was pervasive and/or severe such that it altered the conditions of Plaintiff's

2  employment to create a hostile and/or abusive working environment.

### FIFTIETH AFFIRMATIVE DEFENSE

(Penalties)

52.    Defendant alleges that the Complaint fails to allege facts sufficient to establish a claim for penalties.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

(De Minimis Damages)

53.    Defendant alleges that if, in fact, it has failed to pay Plaintiff for all time worked, the time is de minimis and therefore not compensable.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

(No Wages Owed)

54.    Defendant alleges that Plaintiff's claims for unpaid overtime wages are barred because Defendant timely paid all wages owed to her.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

(Rest Period Law)

55.    Defendant "authorized and permitted" Plaintiff to take rest periods under the Labor Code and the applicable Wage Order.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

(Meal Period Law)

56.    Defendant "provided" Plaintiff with the ability to take meal periods under the Labor Code and the applicable Wage Order.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

(No Waiting Time Penalties)

57.    Defendant alleges that Plaintiff's claims for "waiting time penalties" under Labor Code section 203 for untimely payment of wages are barred because Defendant did not intentionally or willfully withhold payment of wages.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

### (Derivative Wage Statement Claims)

58.     Defendant alleges that Plaintiffs' derivative wage statement allegations are barred pursuant to *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal.App.5th 1308 (2018).

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

### (Attorney's Fees)

59.     The Complaint fails to allege facts sufficient to establish a claim for attorney's fees.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

### (Unknown Defenses)

Defendant is informed and believes and thereon alleges that it may have other separate and/or additional defenses of which it was not aware, and hereby reserves the right to assert them by amendment to this Answer as discovery continues.

DATED:  November 12, 2021            **LEWIS BRISBOIS BISGAARD & SMITH LLP**


                                     By: _____
                                         JEFFREY S. RANEN
                                         RYAN M. DEAM
                                         ZACHARY S. TUCKER
                                         Attorneys for GEO SECURE SERVICES, LLC



**CALIFORNIA STATE COURT PROOF OF SERVICE**
Samdeeshia Bell v Geo Secure Services, LLC
Case No. CIVSB2124811

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action.  My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

On November 12, 2021, I served true copies of the following document(s):  **GEO SECURE SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Aaron N. Colby                              Attorneys for Plaintiff
COLBY LAW FIRM, PC                  SAMDEESHIA BELL
13263 Ventura Blvd., Suite 203
Studio City, California 91604
Tel: (818) 253-1599 Fax (818)475-1981
Email: aaron@colbylegal.com

The documents were served by the following means:

☒      (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address Lytonia.Sanders@lewsibrisbois.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessfI declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 12, 2021, at Los Angeles, California.

_____
Lytonia Sanders



# EXHIBIT 4



Aaron Colby, Esq.
aaron@colbylegal.com
818.253.1599 • colbylegal.com
15233 Ventura Blvd., Suite 500
Sherman Oaks, California 91403

*INADMISSIBLE SETTLEMENT COMMUNICATION*
(California Evidence Code § 1152 | Federal Rule of Evidence 408)

April 9, 2021

**<u>SENT VIA EMAIL & U.S. MAIL</u>**

GEO Secure Services, LLC
Attention: George C. Zoley, CEO
Email: gzoley@geogroup.com
4955 Technology Way
Boca Raton, Florida 33431

     RE:    ***Samdeeshia Bell v. GEO Secure Services, LLC***
             **Confidential Settlement Communication**

To Whom It May Concern:

This firm represents Samdeeshia Keyonnea Bell ("Plaintiff") regarding their employment and legal claims against GEO Secure Services, LLC ("Defendant")(the "case").

If counsel represents any of these parties in this case, please forward this letter immediately and have counsel communicate with me. Direct all further communication regarding this case to my attention; make no contact directly with Plaintiff about this case.

This letter is to provide Defendant with detailed allegations and a legal analysis of Plaintiff's claims and damages in hopes of reaching a reasonable settlement prior to filing a lawsuit. This letter is in furtherance of settlement and not admissible.[1]

The end of this letter sets forth a settlement demand and deadline to respond.

Enclosed is a copy of a ***draft* civil complaint** that will be filed unless we reach a settlement.

---

[1] California Evidence Code § 1152; Federal Rule of Evidence 408.



April 9, 2021          *INADMISSIBLE SETTLEMENT COMMUNICATION*                    2

### OBLIGATION TO PRESERVE EVIDENCE, PRODUCE RECORDS, & NOTIFY INSURANCE

Defendant is obligated to preserve all materials that are or could lead to evidence relevant to the legal claims threatened in this letter.  This includes emails and text messages and any recordings related to Plaintiff, her time spent working and breaks, and the reasons for her termination, and comparator evidence, including records related to other employees who were not terminated for similar circumstances that led to Plaintiff's termination.  A separate letter details Defendant's evidence preservation obligations and consequences for failure to so.

Defendant must produce Plaintiff's employment records.  A separate letter demands records that Defendant must provide to Plaintiff's representative by law and seeks information about insurance coverage that may apply to the claims threatened in this letter.

Defendant should notify their insurance carriers immediately.

### RELEVANT FACTS

**Defendant.**  Defendant GEO Secure Services oversees the operation and management of fifty-eight "Federal Bureau of Prisons, U.S. Marshals Services, and U.S. Immigration and Customs Enforcement, as well as seven state correctional clients and various county and city jurisdictions"[2] in the United States.  Defendant operates an ICE Processing Center where it employs workers at 10250 Rancho Road, Adelanto, California 92301 (the "worksite").

**Plaintiff's Employment Details.**  On or about January 2018, Defendant hired Plaintiff Samdeeshia Bell, a Black female, as an employee in the job position of Detention Officer to work at the worksite.  Plaintiff is one of the few Black female detention officers at the Adelanto ICE Processing Center.

Throughout Plaintiff's employment, Defendant classified Plaintiff as a "non-exempt" employee and paid Plaintiff $26.70 per hour plus a $4.22 per hour bonus for "health and wellness."

Throughout Plaintiff's employment, Plaintiff's job duties included maintaining a safe environment for detainees and employees, making sure detainees were secured within the facility, and observing and reporting detainee conduct.

Throughout Plaintiff's employment, Defendant required plaintiff to work five (5) days a week, and Plaintiff's daily work schedule varied.

Throughout Plaintiff's employment, Plaintiff was an exemplary employee, never receiving any written counseling or discipline for performance or conduct until her wrongful termination on February 1, 2021, for an undisclosed reason.

---

[2] https://www.geogroup.com/Management_and_Operations


Colby Law Firm, PC

April 9, 2021                    *INADMISSIBLE SETTLEMENT COMMUNICATION*                            3

**Wage-And-Hour Complaints.**  Throughout Plaintiff's employment, Plaintiff witnessed and complained to Defendant about violations of the California Labor Code at the worksite.  While employed, Plaintiff witnessed and complained to at least one of Defendant's supervisors about the off-the-clock work alleged herein, the meal and rest break failures alleged herein, and the failure to provide timely access to toilet rooms and changing rooms as alleged herein.

**Harassment & Complaints.**  During Plaintiff's employment, Plaintiff experienced, witnessed, and complained to Defendant about hostile work environment harassment.  While employed, Plaintiff complained to Defendant and the Union Representative about Defendant's staff members, ***Nowicki (full name unknown)*** and ***Sergeant Belt (Sergeant Investigator)***, telling other employees that Plaintiff will be fired because her husband is in prison.  Sergeant Belt falsely stated that Plaintiff would bring in contraband because she is married to an inmate and "made fun" of Plaintiff for marrying someone who had been previously incarcerated.  On or about August 19, 2020, Plaintiff complained about this.  <u>Exhibit 1</u>.  Instead of protecting Plaintiff or investigating her complaint of harassment, Defendant ignored the complaint and added to the harassment.

**Medical Leave & Protected Conduct.**  Defendant's inaction to Plaintiff's complaints caused Plaintiff to go on medical leave due to work related anxiety.  On or about October 12, 2020, Plaintiff began her first medical leave.  Defendant's continued inaction caused Plaintiff to extend her medical leave.  ***Berta Barocio-Sullivan (Human Resources Manager)*** called Plaintiff, using an annoyed tone of voice, multiple times during her medical leave to ask her when she will be returning to work.

On or about December 14, 2020, Plaintiff was diagnosed with COVID-19 and provided Defendant with a doctor note.  <u>Exhibit 2</u>.  Defendant's employee, Berta Barocio-Sullivan, asked Plaintiff what Plaintiff was diagnosed with and refused to pay medical leave until Plaintiff disclosed her medical diagnosis.

**Wrongful Termination (Discrimination & Retaliation).**  During Plaintiff's employment, Plaintiff went on four (4) medical leaves, all of which were caused by Defendant's failure to prevent harassment and failure to maintain COVID-19 safety protocols.  Plaintiff's medical leaves were on or about October 12, 2020, November 13, 2020, December 22, 2020, and January 25, 2021.

On or about January 31, 2021, Defendant fired Plaintiff during her final medical leave.  The termination letter did not disclose the reason for Plaintiff's termination.  After Plaintiff asked about the reason for her termination, Berta Barocio-Sullivan sent Plaintiff a Disciplinary Action Form stating:

> On January 21, 2021 this facility discovered Samdeeshia Bell failed to disclose her marriage to an inmate during her background investigation process or during her employment with GEO.


Colby Law Firm, PC

> GEO Policy states "Employees shall not...become emotionally, romantically, physically, or financially involved with those monitored or in the care, custody or control of GEO. This refer to those individuals housed in any GEO, GEO Care, or other privately contracted facility as well as any local, county, state, or federal facility."
>
> GEO Policy 3.1.9 states "Trustworthiness is an important consideration and deliberately falsifying information eliminates an application's opportunity for employment regardless of the background screening."

<u>Exhibit 3</u>.  A good faith investigation would have shown that Plaintiff did not violate the policy above.  Plaintiff did not become romantically involved with an individual "in any GEO, GEO Care, or other privately contracted facility as well as any local, county, state, or federal facility." Plaintiff became romantically involved with a person who was incarcerated on or about 2015, before her employment by Defendant.  During the interview process, Defendant asked Plaintiff if she had family members who were or currently are incarcerated.  Plaintiff answered truthfully and said that her aunt had been incarcerated.  Plaintiff's now husband was not a family member at the time of Plaintiff's interview.  Plaintiff did not violate Defendant's policy above.

In truth, a substantial motivating reason for Defendant's failure to investigate before terminating and decision to terminate Plaintiff's employment was: (a) Plaintiff's protected classes of gender, race, medical condition, and/or disability, (b) Plaintiff requesting and taking protected leave, and/or (c) Plaintiff's protected complaints about violations of the Fair Employment and Housing Act, the Labor Code and/or workplace safety.  Other similarly situated employees who are not female, who are not Black, who were not disabled, and who not have medical conditions, and/or who did not engage in protected conduct engaged in actions similar to Plaintiff and were not terminated.

**Off-The-Clock Work.**  Throughout Plaintiff's employment, Plaintiff worked no less than approximately 30 minutes per day off-the-clock, without pay.  This off-the-clock work included, among other things according to proof:  (a) working during unpaid meal breaks; (b) not given opportunities to take paid rest breaks; and (c) illegally "rounding" employee time at the beginning or end of the shift or meal breaks; and (d) failure to pay during COVID-19 safety screening protocols and for donning-and-doffing work gear.

**Meal Break Violations.**  Throughout Plaintiff's employment Defendant failed to provide Plaintiff with first or second timely, uninterrupted 30-minute meal break as required by law.  For instance:

a)      Plaintiff did not get meal breaks at all;
b)      Plaintiff was forced to work throughout Plaintiff's meal breaks;
c)      Plaintiff was forced to answer work-related inquiries throughout Plaintiff's meal breaks;
d)      Plaintiff was "on-call" during meal breaks;


Colby Law Firm, PC

April 9, 2021                    *INADMISSIBLE SETTLEMENT COMMUNICATION*                    5

e)   Defendant deducted unpaid meal break time from Plaintiff's time worked even though Plaintiff performed work during such time;

f)   Defendant rounded Plaintiff's clock in and out times for the start and end of meal breaks;

g)   Plaintiff's meal breaks were not timely;

h)   Plaintiff's meal breaks were interrupted;

i)   Plaintiff's meal breaks were less than the full 30 minutes; and/or

j)   Defendant required Plaintiff to remain on premises at the worksite during meal breaks.

Defendant's company-wide understaffing arising from labor budget policies and subsequent failure to provide adequate break coverage prevented Plaintiff from taking compliant meal breaks.  As a result of these practices and/or policies, Plaintiff was frequently required to continue to perform duties without being able to take a timely, compliant meal break.  Thus, Plaintiff had to work through part or all of Plaintiff's meal breaks, had meal breaks interrupted, and/or wait extended breaks of time before taking meal breaks.

Defendant maintained a facially non-compliant meal break policy that did not provide Plaintiff with first or second timely, uninterrupted 30-minute meal break as required by law.  Plaintiff worked more than six (6) hours without being relieved of Plaintiff's duties to take a meal break. Defendant regularly required Plaintiff to continue working and failed to provide meal break coverage for her, thereby preventing Plaintiff from taking timely, uninterrupted meal breaks to which Plaintiff was entitled.  Defendant did not provide Plaintiff with second 30-minute meal breaks on days that she worked in excess of 10 hours.

Defendant required Plaintiff to always record meal breaks, even when meal breaks were never taken, or were late, short, and/or interrupted. As a result, 30-minute meal breaks were deducted from Plaintiff's time records for hours Plaintiff actually spent working.  This is a form of off-the-clock work that Plaintiff performed.

Defendant has engaged in a company-wide practice and/or policy to not pay meal break premiums owed when compliant meal breaks are not provided.  Defendant, therefore, failed to provide Plaintiff compliant meal breaks and failed to pay the full meal break premiums due.

**Rest Break Violations.**  Throughout Plaintiff's employment, Defendant failed to authorize and permit Plaintiff to take a 10-minute rest break per each four (4) hour period worked or a major fraction thereof.  For instance:

a)   Plaintiff did not get rest breaks at all;

b)   Plaintiff was forced to work throughout Plaintiff's rest breaks;

c)   Plaintiff was forced to answer work-related inquiries throughout Plaintiff's rest breaks;

d)   Plaintiff was "on-call" during rest breaks;



Colby Law Firm, PC

April 9, 2021          *INADMISSIBLE SETTLEMENT COMMUNICATION*          6

e)   Defendant did not pay Plaintiff for what should have been paid rest breaks, instead, Plaintiff's rest breaks were unpaid;

f)   Plaintiff's rest breaks were not timely;

g)   Plaintiff's rest breaks were interrupted;

h)   Plaintiff's rest breaks were less than the full 10 minutes; and/or

i)   Defendant required Plaintiff to remain on premises at the worksite during rest breaks.

Defendant's labor budget policies and resultant understaffing prevented Plaintiff from being relieved of all duties to take compliant rest breaks. Defendant had no policy of scheduling rest breaks for employees, which further impeded and prevented Plaintiff from taking rest breaks. As a result of Defendant's understaffing and failure to schedule rest breaks, Plaintiff worked shifts in excess of 3.5 hours, in excess of six (6) hours, and in excess of 10 hours without receiving all uninterrupted 10-minute rest breaks to which Plaintiff was entitled.

Defendant maintained a facially non-compliant rest break policy that did not permit and authorize employees to take a second rest break for shifts from six (6) to 10 hours in length. To the extent there is a policy, Defendant's written rest break policy only authorizes employees to take a 10-minute rest break for every four (4) hours worked. As such, Defendant's written rest break policy does not permit and authorize Plaintiff to take second and third rest breaks for shifts six (6) to 10 hours in length or shifts 10 to 14 hours in length, respectively. Defendant's non-compliant rest break policy impeded and prevented Plaintiff from taking rest breaks. Plaintiff regularly worked shifts in excess of six (6) hours and did not receive the two (2) uninterrupted rest breaks. Plaintiff's rest breaks were regularly interrupted by work demands due to the lack of break coverage.

Defendant required Plaintiff to always record rest breaks, even when rest breaks were never taken or were late, short, and/or interrupted.

Defendant has engaged in a company-wide practice and/or policy to not pay rest break premiums owed when compliant rest breaks are not provided. Defendant, therefore, failed to provide Plaintiff compliant rest breaks and failed to pay the full rest break premiums due.

**Toilet Access Not Provided.** Throughout Plaintiff's employment, Defendant failed to allow Plaintiff to use the restroom when requested. At least once, Defendant made Plaintiff wait for two or more hours to use the restroom after her request.

**Changing Rooms Not Provided.** Throughout Plaintiff's employment, Defendant failed to provide Plaintiff with suitable lockers, closets, or equivalent for the safekeeping of Plaintiff's outer clothing during working hours, and for Plaintiff's work clothing during non-working hours.

**Final Pay.** Defendant failed to pay Plaintiff all wages owed to Plaintiff immediately upon Plaintiff's termination of employment, including earned and unpaid wages, such as:  (a)


Colby Law Firm, PC

April 9, 2021             *INADMISSIBLE SETTLEMENT COMMUNICATION*             7

minimum wages; (b) overtime wages; (c) meal and rest period premium wages; and (d) all wages owed for the final day of work, as alleged herein.

**Wage Statements.**  Defendant knowingly and intentionally failed to provide Plaintiff with uniform, complete, and accurate wage statements because Defendant did not calculate the "regular rate" correctly or display the accurate hours and corresponding rates of pay, did not pay Plaintiff for all time worked, and Defendant deducted time worked from Plaintiff's wage statements and employment records for meal breaks Plaintiff did not actually receive, the result of which was an unlawful deduction of wages earned and meal break premiums that should have been paid.

## LEGAL CLAIMS & DAMAGES

Plaintiff has several causes of action against Defendant and individual Defendant's, as detailed in the enclosed draft complaint.

1. Wrongful Termination (Violation of Public Policy Tort)
2. Harassment (Gov't Code § 12940(j))
3. Discrimination (Gov't Code § 12940(a))
4. Retaliation for Harassment and/or Discrimination Complaints (Gov't Code § 12940(h))
5. Failure to Prevent Harassment and/or Discrimination (Gov't Code § 12940(k))
6. Failure to Engage in Interactive Process (Gov't Code § 12940(n))
7. Failure to Provide Reasonable Accommodation (Gov't Code § 12940(m))
8. Retaliation for Requesting Accommodation (Gov't Code § 12940(m))
9. Failure to Provide CFRA Leave (Gov't Code § 12945.2(q))
10. Retaliation for Using CFRA Leave (Gov't Code § 12945.2(k))
11. Retaliation for Using Paid Sick Leave (Labor Code § 246.5(c))
12. Retaliation for Refusing and/or Complaining about Illegal Conduct (Labor Code § 1102.5)
13. Failure to Pay Minimum Wage (Labor Code §§ 1182.12(b), 1194, 1194.2, 1197, 1197.1)
14. Failure to Pay Overtime (Labor Code §§ 510, 1194, 1198, 1199)
15. Failure to Provide Meal Breaks (Labor Code §§ 226.7 and 512)
16. Failure to Authorize and Permit Rest Breaks (Labor Code § 226.7)
17. Failure to Provide Accurate Wage Statements (Labor Code § 226(a))
18. Failure to Pay Wages Owed Timely (Labor Code §§ 201-203)
19. Private Attorney General Act Representative Action (Labor Code § 2698)

**A.  Wrongful Termination**

Plaintiff has a cause of action for wrongful termination in violation of public policy.[3]  Plaintiff has direct statutory causes of action under several of the statutes listed, in addition to the wrongful termination based on such statutes.

---

[3] *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 170 (1980).



Plaintiff's claim for wrongful termination in violation of public policy requires Plaintiff to prove that: Defendant discharged Plaintiff, and the violation of public policy was a substantial motivating reason for Plaintiff's discharge.[4]   A "substantial motivating reason" is "a reason that actually contributed to the" decision to terminate.  "It must be more than a remote or trivial reason.  It does not have to be the only reason motivating the decision."[5]

Plaintiff's claim for wrongful termination is supported by the public policy expressed in numerous statutes, including:

- California constitution, Article 1, § 8 ("A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, or national or ethnic origin");
- California Government Code § 12940(j) (it is unlawful for "an employer . . . or any other person, because of race, religious creed, color, national origin, ancestry . . . to harass an employee.");
- California Government Code § 12940(a) (prohibiting discrimination based on race, national origin, or ancestry);
- California Government Code § 12940(h) (It is unlawful employment practice "[f]or an employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part");
- California Government Code § 12940(k) (making it illegal "For an employer...to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.");
- California Government Code § 12940(n) (requiring an employer to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations in response to a request for reasonable accommodations);
- California Government Code § 12940(m) (requiring employers to provide reasonable accommodation and prohibits retaliation against employees due to their request for reasonable accommodations);
- California Government Code § 12945.2(k) (making it unlawful for an "employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of any of the following:  (1) An individual's exercise of the right to family care and medical leave provided by subdivision (a)....")
- California Labor Code § 246.5(c) ("An employer shall not deny an employee the right to use accrued sick days, discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using accrued sick days, attempting to exercise the right to use accrued sick days, filing a complaint with the department or alleging a violation of this article");
- California Labor Code § 1102.5(b) ("An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because

---

[4] Civil Jury Instruction No. 2430.
[5] Civil Jury Instruction No. 2507.


Colby Law Firm, PC

the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."); and

- California Labor Code § 6409.6(f) ("An employer shall not retaliate against a worker for disclosing a positive COVID-19 test or diagnosis or order to quarantine or isolate.")

Here, Plaintiff's wrongful termination claim is very strong.  Defendant never warns or counsels Plaintiff for her performance, and makes up a reason – not informing Defendant of Plaintiff's husband's incarceration status – that is not true.  The only thing that changed between Plaintiff's hire and her firing were her multiple valid complaints about harassment.

Plaintiff's economic damages include back pay and front pay, plus benefits and medical expenses. [6] Plaintiff is now unable to find work and is suffering from emotional distress. Thus, Plaintiff's economic damages continue to increase. Plaintiff's non-economic damages include significant emotional distress.[7] Plaintiff's non-economic emotional distress damages are exacerbated by the fact that Plaintiff was terminated unexpectedly in the middle of a global pandemic and economic crisis.

Damages for wrongful termination could easily total over **$1,000,000**.  This does not include punitive damages and Plaintiff's attorneys' fees and costs, which are available.[8]

## B.  Harassment

Plaintiff has causes of action for both harassment based on gender, race, medical condition, and/or disability,[9] and for Defendant's failure to prevent the harassment[10].

To prove harassment, Plaintiff must show that: Plaintiff was subjected to harassing conduct because of Plaintiff's protected status; the harassment was severe or pervasive; a reasonable person in Plaintiff's circumstances would have considered, and Plaintiff actually did consider,

---

[6] Civil Jury Instruction No. 3903P.

[7] Civil Jury Instruction No. 2433; Civil Jury Instruction No. 3905A ("No fixed standard exists for deciding the amount of these noneconomic damages. Jurors must use their judgement to decide a reasonable amount based on the evidence and your common sense.").

[8] Civil Jury Instruction No. 3940.

[9] Government Code § 12940(j).

[10] Government Code § 12940(k).


Colby Law Firm, PC

the work environment to be hostile, intimidating, offensive, oppressive, or abusive; and, a supervisor engaged in the conducted or knew or should have known of the conduct and failed to take immediate and appropriate corrective action.[11]

The legal definition of "harassment" expressly includes:  "[v]erbal harassment, e.g., epithets, derogatory comments or slurs on a basis enumerated in the Act."[12]

To prove that Defendant failed to prevent harassment, Plaintiff must demonstrate that: Plaintiff was subjected to harassment and that Defendant failed to take all reasonable steps to prevent the harassment.[13]  Defendant did little, besides retaliate against Plaintiff, to address the complaints.  Defendant knew or should have known of the harassing conduct, and they failed to take immediate and appropriate corrective action.[14]

Defendant may dispute this version of the events, but harassment claims are not easily disposed of on summary judgment.[15]

If this dispute does not resolve, civil discovery may reveal more evidence of Defendant's failure to maintain a harassment-free workplace as the law requires – such as, whether or not Defendant failed to conduct anti-harassment training[16], distribute a compliant and up-to-date anti-harassment policy[17], and distribute[18] and post[19] required anti-harassment notices.

Plaintiff's damages include economic damages such as medical costs and non-economic damages – i.e., emotional distress.[20]  This does not include punitive damages, which are available.[21]

---

[11] Civil Jury Instruction No. 2521a (Hostile Work Environment– Essential Factual Elements).

[12] California Code of Regulations, Title 2, § 11019(b).

[13] Civil Jury Instruction No. 2527; Government Code §§ 12940(j)(1), (k) and 12950.1(a); California Code of Regulations, Title 2, § 11023(a).

[14] California Code of Regulations, Title 2, § 11019(b)(4); *Myers v. Trendwest Resorts, Inc.*, 148 Cal.App.4th 1403, 1419-1420 (2007).

[15] Government Code § 12923(b) ("A single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if the harassment conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive work environment."); Government Code § 12923(e) ("Harassment cases are rarely appropriate for disposition of summary judgment…").

[16] Government Code § 12950.1(a).

[17] California Code of Regulations, Title 2, § 11023(b).

[18] Government Code § 12950.

[19] Government Code § 12950(a).

[20] Civil Jury Instruction No. 3905A ("No fixed standard exists for deciding the amount of these noneconomic damages.  Jurors must use their judgement to decide a reasonable amount based on the evidence and your common sense.")

[21] Civil Jury Instruction Nos. 3940, 3943.



April 9, 2021                 *INADMISSIBLE SETTLEMENT COMMUNICATION*                                11

### C.  Failure to Engage In The Interactive Process & Provide A Reasonable Accommodation

Plaintiff has a cause of action both for Defendant's failure to engage in the interactive process[22] and Defendant's failure to reasonably accommodate Plaintiff's disability[23].

Plaintiff's failure to engage in the interactive process claim requires Plaintiff to prove that: Defendant knew of Plaintiff's disability; Plaintiff requested a reasonable accommodation so that Plaintiff would be able to perform the essential job requirements; and, Plaintiff was willing to participate in the interactive process, but Defendant failed to participate in a timely good-faith interactive process with Plaintiff to determine whether a reasonable accommodation could be made.[24]

Plaintiff's failure to accommodate claim requires Plaintiff to prove that: Defendant knew of Plaintiff's disability or perceived Plaintiff to have a disability; Plaintiff was able to perform the essential duties of Plaintiff's current job or a vacant alternative job to which Plaintiff could have been reassigned with or without an accommodation; and, Defendant failed to provide a reasonable accommodation.[25]

Here, Defendant clearly knew about Plaintiff's disability, as alleged herein.[26]   Defendant failed to engage in the interactive process and failed to accommodate Plaintiff's disability of COVID-19.[27]  Defendant was under an obligation to engage in the interactive process and provide a reasonable accommodation, not punish Plaintiff by facts.[28]

Defendant may dispute Plaintiff's allegations, but whether a proposed accommodation is reasonable is a question of fact, making summary judgment impossible.[29]

---

[22] Government Code § 12940(n).

[23] Government Code § 12940(m).

[24] Civil Jury Instruction No. 2546.

[25] Civil Jury Instruction No. 2541; *Nealy v. City of Santa Monica*, 234 Cal.App.4th 359, 373 (2015) (a reasonable accommodation is an adjustment to the employee's work environment that can enable the employee to perform the essential functions of the job.  The type of adjustment will vary depending on the employee's job and the nature of the disability.)

[26] California Code of Regulations, Title 2, § 11068(a)

[27] Government Code § 12926(j); California Code of Regulations, Title 2, § 11065(d)(1).

[28] *Prilliman v. United Air Lines, Inc.* (1997) 53 Cal.App.4th 935, 950–951 (employer had an affirmative duty to offer other job opportunities once it knew about the employee's disability); Government Code § 12940(n); California Code of Regulations, Title 2, § 11069.

[29] *Hanson v. Lucky Stores, Inc.*, 74 Cal.App.4th 215, 228 (1999).



**D.  Interference With & Retaliation For Seeking CFRA Leave**

To prove that Defendant retaliated against her for seeking protected medical leave, Plaintiff must prove that she was eligible, requested or took the leave, and that the request or taking of the leave was a substantial motivating reason for the termination of employment.

Here, Plaintiff sought CFRA leave for COVID-19, and never received a CFRA notice of rights. Plaintiff was still recovering from COVID-19 when terminated, when Defendant should have designated her medical condition as covered by protected leave.

**E.  Wage-And-Hour**

Plaintiff's wage-and-hour claims, as set forth in the enclosed draft complaint, include:

- Minimum wages and statutory penalties for off-the-clock hours worked *no less than three (3) hours a week*.
- Overtime wages for off-the-clock hours worked.
- Meal break statutory penalties for interrupted meal breaks and for failure to pay any premiums paid at the proper rate.  Plaintiff was not provided statutory meal breaks insofar as the breaks were missed and/or interrupted *no less than 50% of the work periods during which a break was due*.  Any premiums that were paid were done so at a rate of pay that did not include all compensation as required.
- Rest break statutory penalties for interrupted rest breaks and for failure to pay any premiums paid at the proper rate. Plaintiff was not provided statutory rest breaks insofar as the breaks were missed and/or interrupted *no less than 50% of the work periods during which a break was due*.  Any premiums that were paid were done so at a rate of pay that did not include all compensation as required.
- Pay stubs statutory penalties for displaying inaccurate hours worked, rates of pay, and gross and net wages for all unpaid work and wages stated herein.
- Untimely payment of wages statutory penalties for all unpaid wages as alleged herein.
- PAGA civil penalties for all wage-and-hour violations, on behalf of all other aggrieved individuals that Defendant employed at any time on or after a date one year prior to the date of this letter through the present and at any location within the State of California.

This does not include attorneys' fees and costs, which are provided for under the relevant statutes in addition to these statutory damages.[30]

1. <u>Minimum Wage (California Labor Code §§ 1182.12(b), 1194, 1194.2, 1197, 1197.1, 1198)</u>

---

[30] Labor Code § 218.5(a) ("The court is authorized to award reasonable attorney's fees *to a plaintiff* who brings a successful action for a violation of these provisions.")


Colby Law Firm, PC

April 9, 2021            *INADMISSIBLE SETTLEMENT COMMUNICATION*            13

Employers may not permit employees to work off-the-clock – meaning that employees must be paid for all time spent working.[31]  Minimum wages and statutory penalties are due for off-the-clock hours worked.[32]  As of January 1, 2021, California's state minimum wage for non-exempt employees is $14 per hour.[33]

Failure to pay the minimum wage triggers liquidated damages.[34] The amount of liquidated damages is an amount equal to the unpaid wages, plus interest.  Failure to pay the minimum wage also triggers civil penalties.[35]  The penalty is $100 for the first pay period in which Plaintiff was not paid the minimum wage and $250 for each subsequent pay period.

Here, Plaintiff was not paid at least the minimum wage for off-the-clock hours worked. Plaintiff's off-the-clock work includes as alleged herein.

2.  <u>Overtime (California Labor Code §§ 510, 1194, 1198, 1199)</u>

Plaintiff is owed overtime for off-the-clock work.  Employers must pay employees working more than eight (8) hours in a day or more than forty (40) hours in a workweek at the rate of time-and-one-half (1.5) times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek, and to pay employees working more than twelve (12) hours in a day overtime compensation at a rate of two (2) times their regular rate of pay.[36]

Here, Plaintiff was not paid the overtime rate for off-the-clock work that qualified for overtime by law.  Because Plaintiff worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay.

Plaintiff's hourly rate was $26.70 plus a $4.22 health and wellness rate per hour.  Using an overtime rate of $41 for all hours worked in excess of eight (8) hour per day, the overtime owed to Plaintiff from off-the-clock work amounts to approximately **$18,204** [(37 months x 3 hours of OT per week) x $41].

Plaintiff is owed additional overtime due to Defendant miscalculating the "regular rate" of pay. The "regular rate" must be based on wages and most other forms of compensation an employee earns for work performed during the workweek, excluding overtime.[37]  Commissions,

---

[31] Labor Code §§ 200, 218; *Bradley v. Networkers International, LLC*, 211 Cal.App.4th 1129, 1156 (2012).

[32] Civil Jury Instruction No. 2700.

[33] Labor Code § 1182.12(b)

[34] Labor Code §§ 1194, 1194.2; Civil Jury Instruction No. 2701.

[35] Labor Code § 1197.1.

[36] Labor Code §§ 510 and 1198 and the applicable Industrial Welfare Commission order.

[37] *Walling v. Youngerman-Reynolds Hardwood Co.,* 325 U.S. 419, 424 (1945); *Huntington Memorial Hospital v. Superior Court*, 131 Cal.App.4th 893, 903–904 (2005); 29 U.S.C. § 207(e).


Colby Law Firm, PC

bonuses, and other types of compensation outside of hourly pay must be included in the "regular rate" of pay.[38]

Here, Plaintiff was not paid the correct overtime rate for the recorded overtime hours that she worked, causing Defendant to pay all overtime wages at a lower overtime rate than required. In addition to an hourly wage, Defendants paid Plaintiff incentive pay and/or other forms of remuneration, including, without limitation, the wellness rate per hour that Plaintiff received. However, Defendant failed to incorporate all such remunerations into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate.

### 3. Meal Breaks (California Labor Code §§ 226.7 and 512)

Employers may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than 30 minutes.  First meal breaks must start after no more than five hours.  Employers must provide a second meal break of not less than 30 minutes if an employee works over ten 10 hours per day.[39]  Employers who fail to provide uninterrupted 30-minute meal breaks must pay employees an equal to one hour of pay per day at the employee's regular rate of compensation.[40]

Here, Plaintiff was not provided with uninterrupted 30-minute meal breaks after the first five (5) hours worked for all of Plaintiff's eligible shifts and was not provided with a *second* uninterrupted 30-minute meal break after the first 10 hours worked for all of Plaintiff's eligible shifts.

The meal break premium owed to Plaintiff is **$14,819** [555 days x $26.70].

### 4. Rest Breaks (California Labor Code § 226.7)

Employers must authorize and permit employees to take rest breaks, which insofar as practicable shall be in the middle of each work period and that the rest break time shall be based on the total hours worked daily at the rate of 10 minutes net rest time per four (4) hours or major fraction thereof unless the total daily work time is less than three and one-half (3½) hours.[41]  Employers must not require an employee to work during any rest break.  Employers must "relinquish any control over how employees spend their break time and relieve their employees of all duties – including the obligation that an employee remain on call. A rest

---

[38] *Alvarado v. Dart Container Corp.*, 4 Cal. 5th 542, 554 (2018); Department of Labor Standards Enforcement Manual § 49.

[39] Labor Code §§ 512(a), 226.7; applicable IWC Wage Order; *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004 (2012).

[40] Labor Code § 226.7.

[41] Labor Code § 226.7; applicable IWC Wage Order.



April 9, 2021                 *INADMISSIBLE SETTLEMENT COMMUNICATION*                 15

period, in short, must be a period of rest."[42]  The penalty for failing to provide each rest break is equal to one hour of pay per day at the employee's regular rate of compensation.[43]

Here, Defendant did not authorize and permit Plaintiff to take compliant rest breaks for all shifts in excess of 3.5 hours, all shifts in excess of 6 hours, and all shifts in excess of 10 hours.

The rest break premium owed to Plaintiff is **$14,819** [555 days x $26.70].

5.  <u>Wage Statements (California Labor Code § 226(a))</u>

Employers "semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing:

(1) *gross wages* earned,
(2) *total hours worked* by the employee,
(3) the number of *piece-rate units earned* and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all *deductions* provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
(5) *net wages* earned,
(6) the *inclusive dates of the period* for which the employee is paid,
(7) the *name of the employee* and only the last four digits of his or her social security number or an *employee identification number* other than a social security number,
(8) the *name and address of the legal entity that is the employer* …, and
(9) all applicable hourly rates in effect during the pay period and the *corresponding number of hours worked at each hourly rate* by the employee and…."[44]

Wage statements are non-compliant if they are missing any of the information required by statute, triggering penalties of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000.[45]

Here, Defendants have knowingly and intentionally failed to provide Plaintiff with uniform, complete, and accurate wage statements as alleged herein.  Thus, Defendant failed to list the accurate totals of the hours worked, the number of hours worked at each hourly rate, the net wages earned, and gross wages earned.

---

[42] *Augustus, et al. v. ABM Security Services, Inc* ., 2 Cal. 5th 257, 269-270 (2016).

[43] Labor Code § 226.7.

[44] Labor Code § 226(a).

[45] Labor Code §§226(a), 226(e).


Colby Law Firm, PC

Plaintiff is entitled to statutory damages in the amount of **$4,000.**

### 6. Waiting Time Penalties (California Labor Code §§ 201-203)

Employers who discharges an employee must pay the wages earned and unpaid at the time of discharge immediately; if an employee voluntarily leaves employment, their wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.[46]  Employees are entitled to a waiting-time penalty equal to thirty (30) days of Plaintiff's regular rate of pay.[47]

Here, Defendant failed to pay all of Plaintiff's owed wages at separation, as alleged herein.

The amount of waiting time penalties owed to Plaintiff is approximately **$11,382** [((8 hours x $26.70) + (4 hours x $41)) x 30 days].

### 7. PAGA Representative Action (California Labor Code §2698, *et seq.*)

Plaintiff seeks civil penalties pursuant to The Private Attorney General Act ("PAGA") due to the State of California, Plaintiff, other aggrieved employees (i.e., *all other aggrieved individuals that Defendant employed at any time on or after one year prior to the date of this letter through the present at any location within the State of California*) according to proof.

The civil penalties are $100 for each initial violation and $200 for each subsequent violation per employee per pay period.[48]  Plaintiff also seeks attorneys' fees and costs.[49]

Plaintiff seeks penalties on behalf on Plaintiff and other aggrieved employees, based on Defendant's following violations of the California Labor Code:

1. **Labor Code §§ 201, 201.5, 202, 203**.  Failure to pay all wages immediately upon termination or within 72 hours after notice of separation.
2. **Labor Code § 204**.  Failure to pay all earned wages within the time prescribed in Labor Code §§ 204(a) and 204(b).
3. **Labor Code § 206**.  Failure to pay all undisputedly owed wages.
4. **Labor Code § 210**.  Failure to pay wages as required by Labor Code §§ 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and/or 1197.5.
5. **Labor Code § 221**.  Failure to not collect and receive owed wages.
6. **Labor Code § 226**.  Failure to provide timely and accurate wage statements.
7. **Labor Code § 226.3**.  Failure to comply with Labor Code § 226(a).

---

[46] Labor Code § 203.

[47] Labor Code § 203.

[48] Labor Code § 2699(a), (f).

[49] Labor Code § 2699(g).


Colby Law Firm, PC

8. **Labor Code § 226.7**. Failure to provide proper rest periods and failure to provide an additional hour of pay at the regular rate of compensation in lieu of the mandated rest periods.

9. **Labor Code §§ 226.7 and 512**. Failure to provide proper meal periods and failure to provide an additional hour of pay at the regular rate of compensation in lieu of the mandated meal periods.

10. **Labor Code §§ 510 and 1194**. Failure to pay overtime and double time compensation.

11. **Labor Code §§ 510, 1194, 1194.2, and 1197**. Failure to pay minimum wages, including overtime and double time compensation at the minimum wage rate.

12. **Labor Code § 558**. Violation of a section of the chapter of the Labor Code starting with Labor Code § 500, *et seq*., or any provision regulating hours and days of work in any order of the Industrial Welfare Commission.

13. **Labor Code § 558.1**. Violation any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, and violating Labor Code §§ 203, 226, 226.7, 1193.1, and/or 1194.

14. **Labor Code § 1174**. Failure to maintain compliant employee and payroll records.

15. **Labor Code § 1197.1**. Failure to pay minimum wage.

16. **Labor Code § 1199**. Violation of the provisions of an order of the Industrial Welfare Commission.

17. **Labor Code § 1198**. Violation of the following sections of orders of the Industrial Welfare Commission for conditions of labor prohibited by such:

    a. **Wage Order 1-2001 (or other applicable Wage Order), Section 3**, requiring an employer to pay overtime and double time compensation.

    b. **Wage Order 1-2001 (or other applicable Wage Order), Section 4**, requiring an employer to pay minimum wages, including overtime and double time compensation at the minimum wage rate.

    c. **Wage Order 1-2001 (or other applicable Wage Order), Section 7**, requiring an employer to maintain accurate information with respect to each employee; provide employees with thorough and accurate itemized wage statements; and, provide clocks within a reasonable distance from employees' work areas.

    d. **Wage Order 1-2001 (or other applicable Wage Order), Section 11**, requiring an employer to provide its employees with adequate meal periods and an additional hour of pay at the regular rate of compensation in lieu of the mandated rest periods.

    e. **Wage Order 1-2001 (or other applicable Wage Order), Section 12**, requiring an employer to provide its employees with adequate rest periods and an additional hour of pay at the regular rate of compensation in lieu of the mandated rest periods.

    f. **Wage Order 1-2001 (or other applicable Wage Order), Section 13**, requiring an employer to provide its employees with suitable lockers, closets, or equivalent for the safekeeping of employees' outer clothing during working hours; provide change rooms or equivalent space in order that employees may change their clothing in reasonable privacy and comfort and separate from toilet rooms and kept clean and for their work clothing during non-working hours; and, provide suitable resting


Colby Law Firm, PC

facilities in an area separate from the toilet rooms available to employees during working hours.

If Defendant had <u>500</u> non-exempt employees working from April 5, 2021 through present, the PAGA civil penalties total **$43,350,000** [(((17 Labor Code violations x $100 for initial pay period) + ((17 Labor Code violations x $200 for subsequent pay period) x 25 subsequent pay periods))) x 500 employees].[50]

## F.  Plaintiff's Attorney's Legal Fees And Costs

Plaintiff's statutory causes of action under the Fair Employment And Housing Act and the Labor Code have one-way prevailing party attorney legal fees and costs in Plaintiff's favor only.[51]  More simply, should Plaintiff prevail on *any* statutory claim, Defendant must pay Plaintiff's attorney's fees and costs.  But, if Defendant defeats *all* of Plaintiff's claims, Defendant must still pay its own legal fees and costs; Defendant cannot recover its legal fees and costs from Plaintiff, since nothing about this case comes close to frivolous.

This means that the amount of a potential damages award increases as Defendant ignores the realities of this case and forces Plaintiff to spend legal fees and costs litigating.  Fighting the case increases the potential payoff for Plaintiff and the risk to Defendant.

Plaintiff's estimated attorney legal fees and costs through trial may be as much as **$1,000,000**.

<u>**SETTLEMENT DEMAND**</u>

Before filing the draft complaint, we are making a pre-filing settlement demand in an attempt to resolve the case.

**Plaintiff demands <u>$350,000</u>**, mutual confidentiality/non-disparagement, and a mutual general release of claims and agreement not to sue.

---

[50] Labor Code § 2699(f)(2) ("... the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.").

[51] Government Code § 12956(b); *see Cummings v. Benco Building Services*, 11 Cal. App. 4th 1383, 1389 (1992) (A prevailing employer is entitled to fees under the FEHA only if plaintiff's discrimination claim is "frivolous, unreasonable, or groundless."); *see Jersey v. John Muir Med. Ctr.*, 97 Cal. App. 4th 814, 831 (2002); *see Williams v. Chino Valley Independent Fire Dist.*, 61 Cal. 4th 97, 99-100 (2015) (applying same standard to a prevailing party defendant's recovery of ordinary costs of suit); Labor Code § 1102.5(j); Labor Code § 218.5 ("In any action brought for the nonpayment of wages ... the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action. However, if the prevailing party in the court action is not an employee, attorney's fees and costs shall be awarded pursuant to this section *only if the court finds that the employee brought the court action in bad faith*.")



April 9, 2021            *INADMISSIBLE SETTLEMENT COMMUNICATION*            19

This initial offer to settle all claims will remain open until **April 23, 2021**.  This is a *very* reasonable settlement offer.  In deciding how to respond, understand the following.

**A Fact-Finder Will Decide The Case.**  This case will not be subject to summary judgment or other dispositive motion practice, given the facts.  After civil discovery that includes production of emails and text messages and depositions of Plaintiff's supervisors and co-workers, a jury or arbitrator will decide whether Defendant is liable.

**Additional Claims May Arise.**  We are investigating whether the same wage-and-hour legal issues Plaintiff experienced exist for other current or former employees of Defendant who worked in California during the last four years.[52]  We are investigating whether Defendant defamed Plaintiff by making false statements about the circumstances of Plaintiff's employment or termination.[53]

**Discounted From Potential Damages.**  The settlement demand is a discount from what Plaintiff is owed on the claims outlined in this letter.  The settlement demand does not account for punitive damages or legal fees and costs through trial, which Plaintiff will seek.

**Defendant Avoids Paying The Legal Fees And Costs For Both Sides.**  Settling allows Defendant to avoid spending significant legal fees and costs defending the lawsuit.  It also means Defendant avoids the real risk of having to pay *Plaintiff's* legal fees and costs should Defendant not prevail on *all* claims.

**Focusing On Business Instead Of Litigation.**  Settling spares Defendant of the distraction of e-discovery and litigation and the negative attention resulting from a public trial.

**Settlement Demand Will Increase If Complaint Filed.**  Plaintiff's settlement demands will increase as Plaintiff is forced to invest time and resources into the case.

**CONCLUSION**

**Tolling Agreement.**  Enclosed is a draft Tolling Agreement that states the statutes of limitations on Plaintiff's claims. Please return a signed copy of the Tolling Agreement should Defendant decide to attempt to resolve this case before it is filed.

Contact Aaron Colby at aaron@colbylegal.com or 818.253.1599 by **April 23, 2021** to discuss a resolution.

All legal, contractual, and equitable rights are expressly reserved and not waived.

---

[52] Labor Code §§ 2698, et seq. (California's Private Attorney General Act); California Code of Civil Procedure § 382.

[53] Labor Code §§ 1050, 1052; *see Taus v. Loftus*, 40 Cal.4th 683, 720 (2007); *see Cornell v. Berkeley Tennis Club*, 18 Cal.App.5th 908, 946 (2017); *see* Civil Jury Instruction Nos. 1700-1705.



Colby Law Firm, PC

April 9, 2021          *INADMISSIBLE SETTLEMENT COMMUNICATION*                    20

Very truly yours,



Aaron Colby, Esq.

COLBY
LAW
FIRM, PC

Enclosures:      Exhibits 1 - 3
                 Draft Civil Complaint
                 Tolling Agreement

CC:              Joe Negron, General Counsel (jnegron@geogroup.com)

**REPORT DETAILS**

**Report Submission Date**
8/19/2020

**Reported Company/Branch Information**
Location ADELANTO ICE PROCESSING CENTER (EAST) - 196
10400 RANCHO ROAD
City/State/Zip: ADELANTO, CA, 92301, US )

**Please identify the person(s) engaged in this behavior:**
(first name unknown) Nowicki - detention officer

**Do you suspect or know that a supervisor or management is involved?**
No

**Is management aware of this problem?**
No

**What is the general nature of this matter?**
Nowicki disclosed private information.

**Please provide the specific or approximate time this incident occurred:**
around August 17, 2020

**How long do you think this problem has been going on?**
Once

**How did you become aware of this violation?**
Told to me by a co-worker

**Details**
Around August 17, 2020, Nowicki inappropriately informed an officer (name unknown) about details of an investigation which pertains to Samdeeshia. Nowicki claimed that Samdeeshia is going to be terminated since she did not report the fact that a non-employee (name withheld), who is Samdeeshia's husband, is in prison.

**Follow-Up Notes**
There are no additional notes for this report.

**Follow-Up Questions/Comments**
8/24/2020 12:52 PM posted by Organization
Thank you for your report. Please provide the name of the employee Officer Nowicki inappropriately told this information to, in order to facilitate the investigation.
2/16/2021 6:18 PM posted by Reporter
Aaron burts

**Chat Transcripts**
There are no chat transcripts for this incident.

# Colton Valley Medical Care Inc.

502 W. Valley Blvd. • Colton, CA 92324

Phone: (909) 825-3202 • Fax (909) 825-9375

*Harry Webb, M.D. • Lawrence Segal, M.D. • Betty Steven, NP • Walker Felix, M.D.*

## CERTIFICATE OF MEDICAL CARE

Sam deeshia Taylor _____ has been under my care
and will be disabled from work / school.

from 12|22|2020 to 01|24|2021

and may return to work/school on 01|25|2021

for (full / part) time and (should / should not) remain under medical supervision.

(Next Appointment) (for re-evaluation on _____

Dr. _____

Date 12|29|2020.

# DISCIPLINARY ACTION FORM


The GEO Group, Inc.

Employee's Name: **Bell  Samdeeshla**   Employee Number: **196870**   Date Of Hire: **08/31/18**

Job Title: **Officer**   Department Name: **Security**   Log Number: ____

Supervisor's Name: **COS Dutcher**   Facility Name: **Adelanto IPC**   Facility Number: **196**

**INFRACTION:** Conduct   Date(s) of Violation: **1/21/31**

SUMMARY OF INFRACTION: Be specific and include rule(s) violated.   Introductory /Probationary Employee

On January 21, 2021 this facility discovered Samdeeshla Bell failed to disclose her marriage to an inmate during her background investigation process or during her employment with GEO.

GEO Policy states "Employees shall not...become emotionally, romantically, physically, or financially involved with those monitored or in the care, custody or control of GEO. This refer to those individuals housed in any GEO, GEO Care, or other privately contracted facility as well as any local, county, state, or federal facility."

GEO Policy 3.1.9 states "Trustworthiness is an important consideration and deliberately falsifying information eliminates an applicant's opportunity for employment regardless of the background screening."

Did this incident involve OPR?   ☐ No   ☒ Yes   If Yes, OPR Number: **2020-1248**   (Do NOT attach OPR Report)

SUPPORTING DOCUMENTATION: Additional Pages Attached?   ☒ No   ☐ Yes   If Yes, total number of pages: _____

DISCIPLINARY HISTORY: List prior Disciplinary Action(s) below. Document ALL history starting with the most recent violation looking back 12 months.

| DATE | Violation | | Action |
|---|---|---|---|
| 08/07/20 | Behavior | Counseling | |
| DATE | Violation | | Action |
| DATE | Violation | | Action |
| DATE | Violation | | Action |

DISCIPLINARY ACTION: (please enter disciplinary level) **Dismissal**

REASON:   ☐ Behavior   ☐ Performance   ☒ Policy   ☐ Absenteeism/Tardiness and Number of Points: _____

EXPECTED IMPROVEMENT: List Specific goals. Failure to show improvement will result in disciplinary action, up to and including discharge. If this is a Dismissal, do not complete this section.

I acknowledge this action. I further understand the expectations and requirements as discussed with me and outlined above. I also understand the Disciplinary Action Appeal Process. My signature does not imply agreement or disagreement.

| EMPLOYEE Signature: | Printed Name: | Date: |
|---|---|---|
| Comments: | | |

Ex 3

This is a form.

# DISCIPLINARY ACTION FORM

 The GEO Group, Inc.

Employee refused to sign and has received a copy of the completed form. A witness is required when the employee refuses to sign this form. A witness should be from Human Resources or a member of management and not a co-worker of the employee.

| WITNESS Signature: | Printed Name: | Date: |
|---|---|---|
| | | |

| Supervisor Signature: | Printed Name: | Date: |
|---|---|---|
| *D. [signature]* | D. DUTCHER | 1/22/2021 |

| Department Head Signature: | Printed Name: | Date: |
|---|---|---|
| *[signature]* | D. DUTCHER | 1/22/2021 |

| Facility Administrator Signature: | Printed Name: | Date: |
|---|---|---|
| *[signature]* | JAMES JANECKA | 1/22/2021 |

| Human Resource (HR) Signature: | Printed Name: | Date Distributed: | Date entered into HR System: |
|---|---|---|---|
| *[signature]* | B. BARDOCH-SULLIVAN | 2/1/21 | 2/1/21 |

DISTRIBUTION: ☑ Copy to Employee   ☑ Copy to Supervisor   ☑ Original to Personnel File   *LOCAL 880*

FINAL REPRIMAND, DISCIPLINARY DEMOTION, OR DISMISSAL ONLY (REGION/DIVISION):

| | HR DIRECTOR Signature: | Printed Name: | Date: |
|---|---|---|---|
| ☒ Concur | *Karen Broadwater* | Karen Broadwater | 1/25/2021 |
| ☒ Concur | DIRECTOR OF OPERATIONS Signature: | Printed Name: | Date: |
| | *[signature]* | Joe Moorhead | 1/25/2021 |
| ☒ Concur | VICE PRESIDENT Signature: | Printed Name: | Date: |
| | *Paul Laird* | Paul Laird | 1/25/2021 |

Inadmissible Settlement Communication
(Cal. Evi. Code § 1152 & Fed. R. Evi. 408)

1 | AARON N. COLBY (State Bar No. 247339)
    aaron@colbylegal.com
2 | COLBY LAW FIRM, PC
   13263 Ventura Boulevard, Suite 203
3 | Studio City, California  91604
   Telephone:  (818) 253-1599
4 | Fax:  (818) 475-1981

5 | Attorneys for Plaintiff
   SAMDEESHIA BELL

6 |

7 |            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8 |                FOR THE COUNTY OF SAN BERNARDINO

9 |

10 | SAMDEESHIA BELL, an individual,        Case No. _____

11 |                  Plaintiff,            PLAINTIFF'S COMPLAINT FOR:
                                           1.   WRONGFUL TERMINATION
12 |         vs.                           2.   HARASSMENT (GOV'T CODE § 12940(J))
                                           3.   DISCRIMINATION (GOV'T CODE § 12940(A))
13 | GEO SECURE SERVICES, LLC, a           4.   RETALIATION FOR HARASSMENT AND/OR
    corporation; and DOES 1 through 20 inclusive,   DISCRIMINATION COMPLAINTS (GOV'T CODE §
14 |                                            12940(H))
                  Defendant.               5.   FAILURE TO PREVENT HARASSMENT AND/OR
15 |                                            DISCRIMINATION GOV'T CODE § 12940(K))
                                           6.   FAILURE TO ENGAGE IN INTERACTIVE
16 |                                            PROCESS (GOV'T CODE § 12940(N))
                                           7.   FAILURE TO PROVIDE REASONABLE
17 |                                            ACCOMMODATION (GOV'T CODE § 12940(M))
                                           8.   RETALIATION FOR REQUESTING
18 |                                            ACCOMMODATION (GOV'T CODE § 12940(M))
                                           9.   FAILURE TO PROVIDE CFRA LEAVE (GOV'T
19 |                                            CODE § 12945.2(Q))
                                           10.  RETALIATION FOR USING CFRA LEAVE (GOV'T
20 |                                            CODE § 12945.2(K))
                                           11.  RETALIATION FOR USING PAID SICK LEAVE
21 |                                            (LABOR CODE § 246.5(C))
                                           12.  RETALIATION FOR COMPLAINING ABOUT
22 |                                            ILLEGAL CONDUCT (LABOR CODE § 1102.5)
                                           13.  MINIMUM WAGE (LABOR CODE §§ 1182.12(B),
23 |                                            1194, 1194.2, 1197, 1197.1; IWC WAGE ORDER)
                                           14.  OVERTIME (LABOR CODE §§ 510, 1194, 1198,
24 |                                            1199; IWC WAGE ORDER)
                                           15.  MEAL BREAKS (LABOR CODE §§ 226.7 AND 512;
25 |                                            IWC WAGE ORDER)
                                           16.  REST BREAKS (LABOR CODE § 226.7; IWC WAGE
26 |                                            ORDER)
                                           17.  WAGE STATEMENTS (LABOR CODE § 226(A))
27 |                                           18.  WAGES OWED TIMELY (LABOR CODE §§ 201-
                                            203)
28 |                                           19.  PRIVATE ATTORNEY GENERAL ACT
                                            REPRESENTATIVE ACTION (LABOR CODE §
                                            2698)

                                           JURY TRIAL DEMANDED

_____
[DRAFT/UNFILED] Plaintiff's Complaint For Damages

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

Plaintiff Samdeeshia Bell ("Plaintiff") alleges as follows on knowledge as to their own acts/interactions, and on information and belief as to all other matters:

## JURISDICTION AND VENUE

1.      This Court has personal jurisdiction over Defendant because it conducts business in the State of California.

2.      Under California Code of Civil Procedure § 395(a), venue is proper in this County because Defendant resides in San Bernardino County and/or injuries alleged herein occurred in this county.

## PARTIES

3.      Plaintiff Samdeeshia Bell is and at all times relevant hereto was a resident of the County of San Bernardino, State of California (referred to as "Plaintiff").  At all relevant times alleged herein, Plaintiff worked for Defendant at 10250 Rancho Road, Adelanto, California 92301.

4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant GEO Secure Services, LLC, was and is doing business at 10250 Rancho Road, Adelanto, California 92301 (singularly referred to as "Defendant GEO").

5.      The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendant Employers named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendant Employers are sued by such fictitious names (collectively referred to as "Doe Defendants").  Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Doe Defendants  when the same become known to Plaintiff.  Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Doe Defendants  is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged herein.

6.      If not referred to individually, Defendant GEO, and Doe Defendants are hereinafter collectively referred to as "Defendant Employers" or "Defendant."

7.      Plaintiff is informed and believes, and based thereupon alleges, that Defendant, and each of them, acted in concert with one another to commit the wrongful acts alleged herein, and

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendant, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

8.   Whenever and wherever reference is made in this complaint to any act or failure to act by a defendant or co-defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each defendant acting individually, jointly and severally.

## ALTER EGO, AGENCY, JOINT EMPLOYER AND SUCCESSOR

9.   Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendant Employers that the individuality and separateness of Defendant Employers have ceased to exist. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant Employers, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendant Employers, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendant Employers.

10.   Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Defendant Employers are, in reality, one and the same, including, but not limited to because: (a) Defendant Employers are completely dominated and controlled by one another, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendant Employers to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose; (b) Defendant Employers derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own

personal expenditures; (c) Defendant Employers, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose; (d) Defendant Employers does not comply with all requisite corporate formalities to maintain a legal and separate corporate existence; (e) the business affairs of Defendant Employers are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendant Employers are, and at all times relevant hereto were, used by one another as a mere shell and conduit for the conduct of certain of Defendant Employers' affairs, and are, and were, the alter ego of one another. The recognition of the separate existence of each of the Defendant Employers would not promote justice, in that it would permit Defendant Employers to insulate themselves from liability to Plaintiff for violations of the law. The corporate existence of Defendant Employers should each be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein. Accordingly, Defendant Employers constitute the alter ego of one another, and the fiction of their separate corporate existence must be disregarded.

11.     At all times relevant herein, Defendant Employers were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926 (d), 12940, (a),(h),(1), (h)(3)(A), (i), and, 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court. At all times relevant herein, Defendant Employers were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and the applicable Industrial Welfare Commission Order, and are each an "employer or other person acting on behalf of an employer" as such term is used in Labor Code §§ 558 and/or 558.1, and liable to Plaintiff on that basis. Plaintiff is informed and believes, and based thereon alleges that Defendant Employers are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Defendant Employers. Plaintiff performed services for each and every one of Defendant Employers, and to the mutual benefit of all Defendant Employers, and all Defendant Employers shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendant Employers'

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

business was and is conducted. *See Laird v. Capital Cities*, 68 Cal. App. 4th 727, 737-38 (1998) (four factors to prove single enterprise are "interrelation of operations, common management, centralized control of labor relations, and common ownership or financial control. ... Although courts consider the four factors together, they often deem centralized control of labor relations the most important."); *see also Vernon v. State of California*, 116 Cal. App. 4th 114, 128 (2004) (separate entities can also be deemed a "joint employer" by having the right to control the employment relationship, as evaluated by focusing on "an examination of defendant's role with respect to the right to hire, fire, transfer, promote, discipline, set the terms, conditions and privileges of employment, train and pay the plaintiff.").

12. Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between Doe Defendants, Defendant Employers, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Defendant Employers and/or Doe Defendants agreed to be liable for the debts of the other Defendant Employers, (2) the transaction between Employer and/or Doe Defendants and/or the other Defendant Employers amounts to a consolidation or merger of the two corporations, (3) Defendant Employers and/or Doe Defendants are a mere continuation of the other Defendant Employers, or (4) the transfer of assets to Defendant Employers and/or Doe Defendants is for the fraudulent purpose of escaping liability for Defendant Employers' debts. Accordingly, Defendant Employers and/or Doe Defendants are the successors of one or more of the other Defendant Employers, and are liable on that basis.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

13. Plaintiff exhausted Plaintiff's administrative remedies by timely filing a complaint for the issues required to be raised herein against Defendant with the California Department of Fair Employment & Housing ("DFEH") and thereafter received a "Right to Sue" letter from the DFEH, which allowed Plaintiff one year from _____ to file this action.

14. On _____, counsel for Plaintiff prepared and electronically submitted a letter to the California Labor & Workforce Development Agency ("LWDA") via the California Department of Industrial Relations' "PAGA Filing" website. A copy of the letter was mailed to

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

Defendant GEO, also via USPS Certified Mail.  The letter contained the specific provisions of the California Labor Code violated by Defendant GEO, as well as the facts and theories in support of Plaintiff's claims.  Now that sixty-five (65) days have passed since Plaintiff notified Defendant Employers of these violations, the statutory time period for the LWDA to investigate and/or respond, and for the employer to respond, has concluded.  Plaintiff has exhausted the administrative requirements for bringing a claim under the PAGA for these violations.

## **FACTUAL ALLEGATIONS**

15.    **Defendant.**  Defendant GEO Secure Services ("Defendant") oversees the operation and management of fifty-eight "Federal Bureau of Prisons, U.S. Marshals Services, and U.S. Immigration and Customs Enforcement, as well as seven state correctional clients and various county and city jurisdictions"[1] in the United States.  Defendant operates an ICE Processing Center where it employs workers at 10250 Rancho Road, Adelanto, California 92301 (the "worksite").

16.    **Plaintiff's Employment Details.**  On or about January 2018, Defendant hired Plaintiff Samdeeshia Bell, a Black female, as an employee in the job position of Detention Officer to work at the worksite.  Plaintiff is one of the few Black female detention officers at the Adelanto ICE Processing Center.

17.    Throughout Plaintiff's employment, Defendant classified Plaintiff as a "non-exempt" employee and paid Plaintiff $26.70 per hour plus a $4.22 per hour bonus for "health and wellness."

18.    Throughout Plaintiff's employment, Plaintiff's job duties included maintaining a safe environment for detainees and employees, making sure detainees were secured within the facility, and observing and reporting detainee conduct.

19.    Throughout Plaintiff's employment, Defendant required plaintiff to work five (5) days a week, and Plaintiff's daily work schedule varied.

---

[1] https://www.geogroup.com/Management_and_Operations

[DRAFT/UNFILED] Plaintiff's Complaint For Damages

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

20.     Throughout Plaintiff's employment, Plaintiff was an exemplary employee, never receiving any written counseling or discipline for performance or conduct until her wrongful termination on February 1, 2021, for an undisclosed reason.

21.     **Wage-And-Hour Complaints.**  Throughout Plaintiff's employment, Plaintiff witnessed and complained to Defendant about violations of the California Labor Code at the worksite.  While employed, Plaintiff witnessed and complained to at least one of Defendant's supervisors about the off-the-clock work alleged herein, the meal and rest break failures alleged herein, and the failure to provide timely access to toilet rooms and changing rooms as alleged herein.

22.     **Harassment and Complaints.**  During Plaintiff's employment, Plaintiff experienced, witnessed, and complained to Defendant about hostile work environment harassment. While employed, Plaintiff complained to Defendant and the Union Representative about Defendant's staff members, ***Nowicki (full name unknown)*** and ***Sergeant Belt (Sergeant Investigator)***, telling other employees that Plaintiff will be fired because her husband is in prison. Sergeant Belt falsely stated that Plaintiff would bring in contraband because she is married to an inmate and "made fun" of Plaintiff for marrying someone who had been previously incarcerated. On or about August 19, 2020, Plaintiff complained about this. Exhibit 1.  Instead of protecting Plaintiff or investigating her complaint of harassment, Defendant ignored the complaint and added to the harassment.

23.     **Medical Leave & Protected Conduct.**  Defendant's inaction to Plaintiff's complaints caused Plaintiff to go on medical leave due to work related anxiety. On or about October 12, 2020, Plaintiff began her first medical leave. Defendant's continued inaction caused Plaintiff to extend her medical leave. ***Berta Barocio-Sullivan (Human Resources Manager)*** called Plaintiff, using an annoyed tone of voice, multiple times during her medical leave to ask her when she will be returning to work.

24.     On or about December 14, 2020, Plaintiff was diagnosed with COVID-19 and provided Defendant with a doctor note. Exhibit 2. Defendant's employee, Berta Barocio-Sullivan,

[DRAFT/UNFILED] Plaintiff's Complaint For Damages

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

asked Plaintiff what Plaintiff was diagnosed with and refused to pay medical leave until Plaintiff disclosed her medical diagnosis.

25.    **Wrongful Termination (Discrimination & Retaliation).** On or about December 14, 2020, Plaintiff was diagnosed with COVID-19 and provided Defendant with a doctor note. <u>Exhibit 2</u>. Defendant's employee, Berta Barocio-Sullivan, asked Plaintiff what Plaintiff was diagnosed with and refused to pay medical leave until Plaintiff disclosed her medical diagnosis.

26.    On or about January 31, 2021, Defendant fired Plaintiff during her final medical leave. The termination letter did not disclose the reason for Plaintiff's termination. After Plaintiff asked about the reason for her termination, Berta Barocio-Sullivan sent Plaintiff a Disciplinary Action Form stating:

> On January 21, 2021 this facility discovered Samdeeshia Bell failed to disclose her marriage to an inmate during her background investigation process or during her employment with GEO.

> GEO Policy states "Employees shall not...become emotionally, romantically, physically, or financially involved with those monitored or in the care, custody or control of GEO. This refer to those individuals housed in any GEO, GEO Care, or other privately contracted facility as well as any local, county, state, or federal facility."

> GEO Policy 3.1.9 states "Trustworthiness is an important consideration and deliberately falsifying information eliminates an application's opportunity for employment regardless of the background screening."

27.    <u>Exhibit 3</u>. A good faith investigation would have shown that Plaintiff did not violate the policy above. Plaintiff did not become romantically involved with an individual "in any GEO, GEO Care, or other privately contracted facility as well as any local, county, state, or federal facility." Plaintiff became romantically involved with a person who was incarcerated on or about 2015, before her employment by Defendant. During the interview process, Defendant asked Plaintiff if she had family members who were or currently are incarcerated. Plaintiff answered

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

truthfully and said that her aunt had been incarcerated. Plaintiff's now husband was not a family member at the time of Plaintiff's interview. Plaintiff did not violate Defendant's policy above.

28. In truth, a substantial motivating reason for Defendant's failure to investigate before terminating and decision to terminate Plaintiff's employment was: (a) Plaintiff's protected classes of gender, race, medical condition, and/or disability, (b) Plaintiff requesting and taking protected leave, and/or (c) Plaintiff's protected complaints about violations of the Fair Employment and Housing Act, the Labor Code and/or workplace safety. Other similarly situated employees who are not female, who are not Black, who were not disabled, and who not have medical conditions, and/or who did not engage in protected conduct engaged in actions similar to Plaintiff and were not terminated.

29. **Off-The-Clock Work.** Throughout Plaintiff's employment, Plaintiff worked no less than approximately 30 minutes per day off-the-clock, without pay. This off-the-clock work included, among other things according to proof: (a) working during unpaid meal breaks; (b) not given opportunities to take paid rest breaks; and (c) illegally "rounding" employee time at the beginning or end of the shift or meal breaks; and (d) failure to pay during COVID-19 safety screening protocols and for donning-and-doffing work gear.

30. **Meal Break Violations.** Throughout Plaintiff's employment Defendant failed to provide Plaintiff with first or second timely, uninterrupted 30-minute meal break as required by law. For instance:

- Plaintiff did not get meal breaks at all;

- Plaintiff was forced to work throughout Plaintiff's meal breaks;

- Plaintiff was forced to answer work-related inquiries throughout Plaintiff's meal breaks;

- Plaintiff was "on-call" during meal breaks;

- Defendant deducted unpaid meal break time from Plaintiff's time worked even though Plaintiff performed work during such time;

- Defendant rounded Plaintiff's clock in and out times for the start and end of meal breaks;

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

- Plaintiff's meal breaks were not timely;

- Plaintiff's meal breaks were interrupted;

- Plaintiff's meal breaks were less than the full 30 minutes; and/or

- Defendant required Plaintiff to remain on premises at the worksite during meal breaks.

31.    Defendant's company-wide understaffing arising from labor budget policies and subsequent failure to provide adequate break coverage prevented Plaintiff from taking compliant meal breaks.  As a result of these practices and/or policies, Plaintiff was frequently required to continue to perform duties without being able to take a timely, compliant meal break.  Thus, Plaintiff had to work through part or all of Plaintiff's meal breaks, had meal breaks interrupted, and/or wait extended breaks of time before taking meal breaks.

32.    Defendant maintained a facially non-compliant meal break policy that did not provide Plaintiff with first or second timely, uninterrupted 30-minute meal break as required by law.  Plaintiff worked more than six (6) hours without being relieved of Plaintiff's duties to take a meal break.  Defendant regularly required Plaintiff to continue working and failed to provide meal break coverage for her, thereby preventing Plaintiff from taking timely, uninterrupted meal breaks to which Plaintiff was entitled.  Defendant did not provide Plaintiff with second 30-minute meal breaks on days that she worked in excess of 10 hours.

33.    Defendant required Plaintiff to always record meal breaks, even when meal breaks were never taken, or were late, short, and/or interrupted. As a result, 30-minute meal breaks were deducted from Plaintiff's time records for hours Plaintiff actually spent working.  This is a form of off-the-clock work that Plaintiff performed.

34.    Defendant has engaged in a company-wide practice and/or policy to not pay meal break premiums owed when compliant meal breaks are not provided.  Defendant, therefore, failed to provide Plaintiff compliant meal breaks and failed to pay the full meal break premiums due.

35.    **Rest Break Violations.**  Throughout Plaintiff's employment, Defendant failed to authorize and permit Plaintiff to take a 10-minute rest break per each four (4) hour period worked or a major fraction thereof. For instance:

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

- Plaintiff did not get rest breaks at all;
- Plaintiff was forced to work throughout Plaintiff's rest breaks;
- Plaintiff was forced to answer work-related inquiries throughout Plaintiff's rest breaks;
- Plaintiff was "on-call" during rest breaks;
- Defendant did not pay Plaintiff for what should have been paid rest breaks, instead, Plaintiff's rest breaks were unpaid;
- Plaintiff's rest breaks were not timely;
- Plaintiff's rest breaks were interrupted;
- Plaintiff's rest breaks were less than the full 10 minutes; and/or
- Defendant required Plaintiff to remain on premises at the worksite during rest breaks.

36.     Defendant's labor budget policies and resultant understaffing prevented Plaintiff from being relieved of all duties to take compliant rest breaks.  Defendant had no policy of scheduling rest breaks for employees, which further impeded and prevented Plaintiff from taking rest breaks. As a result of Defendant's understaffing and failure to schedule rest breaks, Plaintiff worked shifts in excess of 3.5 hours, in excess of six (6) hours, and in excess of 10 hours without receiving all uninterrupted 10-minute rest breaks to which Plaintiff was entitled.

37.     Defendant maintained a facially non-compliant rest break policy that did not permit and authorize employees to take a second rest break for shifts from six (6) to 10 hours in length. To the extent there is a policy, Defendant's written rest break policy only authorizes employees to take a 10-minute rest break for every four (4) hours worked.  As such, Defendant's written rest break policy does not permit and authorize Plaintiff to take second and third rest breaks for shifts six (6) to 10 hours in length or shifts 10 to 14 hours in length, respectively. Defendant's non-compliant rest break policy impeded and prevented Plaintiff from taking rest breaks.  Plaintiff regularly worked shifts in excess of six (6) hours and did not receive the two (2) uninterrupted rest breaks.  Plaintiff's rest breaks were regularly interrupted by work demands due to the lack of break coverage.

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

38.     Defendant required Plaintiff to always record rest breaks, even when rest breaks were never taken or were late, short, and/or interrupted.

39.     Defendant has engaged in a company-wide practice and/or policy to not pay rest break premiums owed when compliant rest breaks are not provided.  Defendant, therefore, failed to provide Plaintiff compliant rest breaks and failed to pay the full rest break premiums due.

40.     **Toilet Access Not Provided.**  Throughout Plaintiff's employment, Defendant failed to allow Plaintiff to use the restroom when requested. At least once, Defendant made Plaintiff wait for two or more hours to use the restroom after her request.

41.     **Changing Rooms Not Provided.**  Throughout Plaintiff's employment, Defendant failed to provide Plaintiff with suitable lockers, closets, or equivalent for the safekeeping of Plaintiff's outer clothing during working hours, and for Plaintiff's work clothing during non-working hours.

42.     **Final Pay.**  Defendant failed to pay Plaintiff all wages owed to Plaintiff immediately upon Plaintiff's termination of employment, including earned and unpaid wages, such as:  (a) minimum wages; (b) overtime wages; (c) meal and rest period premium wages; and (d) all wages owed for the final day of work, as alleged herein.

43.     **Wage Statements.**  Defendant knowingly and intentionally failed to provide Plaintiff with uniform, complete, and accurate wage statements because Defendant did not calculate the "regular rate" correctly or display the accurate hours and corresponding rates of pay, did not pay Plaintiff for all time worked, and Defendant deducted time worked from Plaintiff's wage statements and employment records for meal breaks Plaintiff did not actually receive, the result of which was an unlawful deduction of wages earned and meal break premiums that should have been paid.

## FIRST CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

## (AGAINST DEFENDANT)

44.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

45.     The elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm.  *See Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167 (1980); *see Yau v. Allen*, 229 Cal.App.4th 144, 154 (2014).

46.     Plaintiff is informed and believes that any one of the alleged violations of California statutes and public policy listed herein was a substantial motivating reason for Plaintiff's termination of employment.

47.     The actions of Defendant as alleged herein constitute multiple and independent violations (or were reasonably believed by Plaintiff in good faith to constitute multiple and independent violations) of California statutes and public policy, including:

- California Constitution, Article 1, § 8 ("A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, or national or ethnic origin");

- California Government Code § 12940(j) (it is unlawful for "an employer… or any other person, because of race, religious creed, color, national origin, ancestry… to harass an employee);

- California Government Code § 12940(a) (prohibiting discrimination based disability and medical condition);

- California Government Code § 12940(h) (It is unlawful employment practice "[f]or an employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part");

- California Government Code § 12940(k) (making it illegal "For an employer...to fail to take all reasonable steps necessary to prevent discrimination … from occurring.");

- California Government Code § 12940(n) (requiring an employer to engage in a timely, good faith, interactive process with the employee to determine effective

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

reasonable accommodations in response to a request for reasonable accommodations);

- California Government Code § 12940(m) (requiring employers to provide reasonable accommodation and prohibits retaliation against employees due to their request for reasonable accommodations);

- California Government Code § 12945.2(k) (making it unlawful for an "employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of any of the following:  (1) An individual's exercise of the right to family care and medical leave provided by subdivision (a)….")

- California Labor Code § 246.5(c) ("An employer shall not deny an employee the right to use accrued sick days, discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using accrued sick days, attempting to exercise the right to use accrued sick days, filing a complaint with the department or alleging a violation of this article");

- California Labor Code § 1102.5(b) ("An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.");

- California Labor Code § 6409.6(f) ("An employer shall not retaliate against a worker for disclosing a positive COVID-19 test or diagnosis or order to quarantine or isolate.").

14

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

48.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was harmed, and the termination of employment was a substantial factor in causing Plaintiff's harm.

49.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

50.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and aggravated.  As a result of the acts of Defendant, Plaintiff suffered harm to their reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

51.     The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited to Sergeant Belt, Nowicki (full name unknown), and Berta Barocio-Sullivan.  In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION

### HARASSMENT IN VIOLATION OF GOV'T CODE § 12940(j)

52.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

53.     At all times mentioned herein, California Government Code § 12940 et seq., was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

54.     California Government Code § 12940(j)(1) makes it unlawful for "an employer . . . or any other person, because of race, color, ... gender .... age . . . to harass an employee."

55.     California Government Code § 12940(j)(3) provides for individual liability on the part of the supervisor for such harassment: "An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action."

56.     California laws also provides for strict liability on the part of the employer for such harassment by a supervisor. *See Myers v. Trendwest Resorts, Inc.*, 148 Cal. App. 4th 1403, 1419 (2007).

57.     The operative regulations promulgated by California's Department of Fair Employment and Housing, specifically defines "harassment" to include "(A) Verbal harassment, e.g., epithets, derogatory comments or slurs on a basis enumerated in the Act." Cal. Code of Regs., tit. 2, § 11019(b).

58.     As alleged herein, Defendant harassed Plaintiff based on Plaintiff's race and gender and subjected her to a hostile work environment.

59.     As a proximate result of the aforesaid acts, Plaintiff has lost, and will continue to lose, substantial earnings, promotional opportunities, fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this court.

60.     As a proximate result of the aforesaid acts, Plaintiff has become mentally upset, distressed, embarrassed, humiliated, and aggravated in a sum in excess of the jurisdictional minimum of this court.

61. The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited Nowicki (full name unknown) and Sergeant Belt. In so doing, said managing agents

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294. As such, Plaintiff is entitled to an award of punitive damages.

62.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

<u>**THIRD CAUSE OF ACTION**</u>

**DISCRIMINATION IN VIOLATION OF GOV'T CODE § 12940(a)**

**(AGAINST DEFENDANT)**

63.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

64.     At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

65.     California Government Code § 12940(a) makes it unlawful for "an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or veteran or military status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

66.     Plaintiff is informed and believes that Plaintiff's protected class(es) of gender and/or race was a substantial motivating factor for her termination.

67.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

68.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and aggravated.  As a result of the aforesaid acts of Defendant, Plaintiff suffered harm to their reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

69.     The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited to Sergeant Belt, Berta Barocio-Sullivan, and Nowicki (full name unknown).  In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

70.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute their claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

## FOURTH CAUSE OF ACTION

### RETALIATION FOR DISCRIMINATION COMPLAINTS IN VIOLATION OF GOV'T CODE § 12940(h)

### (AGAINST DEFENDANT)

71.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

72.     At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

73.     California Government Code § 12940(h) makes it unlawful for an "employer … to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

74.     During Plaintiff's employment with Defendant, Plaintiff protected activities and conduct included as alleged herein.

75.     Defendant took adverse actions against Plaintiff alleged herein, at least in substantial part, in retaliation for Plaintiff's protected activities set forth herein.

76.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

77.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and aggravated.  As a result of the acts of Defendant, Plaintiff suffered harm to their reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

78.     The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited to Sergeant Belt, Berta Barocio-Sullivan, and Nowicki (full name unknown).  In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

79.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute their claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

## FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF GOV'T CODE § 12940(k)

### (AGAINST DEFENDANT)

80.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

81.     At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

82.     California Government Code § 12940(k) makes it illegal "For an employer...to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

83.     Defendant failed to take all reasonable steps necessary to prevent the discrimination that Plaintiff suffered, including but not limited to, the imposition of an effective policy against such discrimination and harassment, the imposition of non-discriminatory and non-harassing practices and procedures, prompt and thorough good faith and reasonable investigations, prompt and appropriate discipline against transgressors, and/ required anti-harassment training, and other conduct according to proof.

84.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

85.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and aggravated.  As a result of the aforesaid acts of Defendant, Plaintiff suffered harm to their reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

86.     The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited to Sergeant Belt, Berta Barocio-Sullivan, and Nowicki (full name unknown).  In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

87.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute their claims herein, and has incurred and is expected to continue to

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

<u>SIXTH CAUSE OF ACTION</u>

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS  IN VIOLATION OF**

**GOV'T CODE § 12940(n)**

**(AGAINST DEFENDANT)**

88.     Plaintiff incorporates by reference all of the preceding and subsequent paragraphs.

89.     At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

90.     California Government Code § 12940(n) makes it illegal for an "employer or other entity …. to fail to engage in a timely, good faith, interactive process with the employee … to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee …with a known physical or mental disability or known medical condition." *See also* Cal. Code of Regs., tit. 2, § 11069.

91.     At all times relevant herein, Defendant was aware of Plaintiff's physical disability and how it affected Plaintiff's major life activity of working.

92.     Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodations; however, Defendant failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodations could be made.

93.     As a direct and proximate result of this illegal behavior by Defendant, Plaintiff has suffered the loss of her job, loss of compensation, loss of job benefits, humiliation, mental anguish, and severe emotional and physical distress, in an amount to be proven at trial.

94.     In so doing, said managing agents and/or officers of Defendant, including Sergeant Belt, Berta Barocio-Sullivan, and Nowicki (full name unknown), acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

95.     Government Code § 12965(b) permits the court to award reasonable attorneys' fees to a plaintiff that successfully pursues a FEHA claim.  Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action.  As such, Plaintiff is entitled to an award of reasonable attorneys' fees.

### SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF GOV'T CODE § 12940(m)

### (AGAINST DEFENDANT)

96.     Plaintiff incorporates by reference all of the preceding and subsequent paragraphs.

97.     At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

98.     California Government Code § 12940(m)(1) makes it illegal for an "employer … to fail to make reasonable accommodation for the known physical or mental disability of an … employee." *See also* Cal. Code of Regs., tit. 2, § 11068.

99.     At all times relevant herein, Defendant was aware of Plaintiff's physical disability and how it affected Plaintiff's major life activity of working.

100.    Plaintiff would have been able to perform Plaintiff's essential job duties with reasonable accommodations.  However, Defendant failed to provide Plaintiff with reasonable accommodations or even explore what reasonable accommodations can be provided.  Instead, Defendant terminated Plaintiff.

101.    As a direct and proximate result of this illegal behavior by Defendant, Plaintiff has suffered the loss of her job, loss of compensation, loss of job benefits, humiliation, mental anguish, and severe emotional and physical distress, in an amount to be proven at trial.

102.    In so doing, said managing agents and/or officers of Defendant, including Sergeant Belt, Berta Barocio-Sullivan, and Nowicki (full name unknown), acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

103.     Government Code § 12965(b) permits the court to award reasonable attorneys' fees to a plaintiff that successfully pursues a FEHA claim.  Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action.  As such, Plaintiff is entitled to an award of reasonable attorneys' fees.

## EIGHTH CAUSE OF ACTION

**RETALIATION FOR REQUESTING REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE § 12940(m)**

**(AGAINST EMPLOYERS)**

104.     Plaintiff incorporates by reference all of the preceding and subsequent paragraphs

105.     At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

106.     California Government Code § 12940(m)(2) makes it illegal for an "employer … to, in addition to the employee protections provided pursuant [California Government Code § 12940(h)], retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted." *See also* Cal. Code of Regs., tit. 2, § 11068.

107.     At all times relevant herein, Defendant was aware of Plaintiff's physical disability and how it affected Plaintiff's major life activity of working.

108.     During Plaintiff's employment with Defendant, Plaintiff protected activities and conduct included as alleged herein.

109.     Defendant took adverse actions against Plaintiff alleged herein, at least in substantial part, in retaliation for Plaintiff's protected activities set forth herein.

110.     As a direct and proximate result of this illegal behavior by Defendant, Plaintiff has suffered the loss of her job, loss of compensation, loss of job benefits, humiliation, mental anguish, and severe emotional and physical distress, in an amount to be proven at trial.

111.     The actions alleged herein were taken by managing agents and/or officers of Defendant, including but not limited to Sergeant Belt, Berta Barocio-Sullivan, Nowicki (full name

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

unknown) and/or ratified by managing agents and/or officers of Defendant.  In so doing, Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

112.   Government Code § 12965(b) permits the court to award reasonable attorneys' fees to a Plaintiff that successfully pursues a FEHA claim.  Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action.  As such, Plaintiff is entitled to an award of reasonable attorneys' fees.

### NINTH CAUSE OF ACTION

### FAILURE TO PROVIDE CFRA LEAVE (GOV'T CODE § 12945.2(Q)

### (AGAINST DEFENDANT)

113.   Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

114.   At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

115.   California Government Code § 12945.2(b)(3) defines "Employer" to mean any "person who directly employers five or more persons to perform services for a wage or salary."

116.   California Government Code § 12945.2(a) states that it "shall be an unlawful employment practice for any employer, as defined in paragraph (3) of subdivision (b), to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period or who meets the requirements of subdivision (r), to take up to a total of 12 workweeks in any 12-month period for family care and medical leave. Family care and medical leave requested pursuant to this subdivision shall not be deemed to have been granted unless the employer provides the employee, upon granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave…."

117.   California Government Code § 12945.2(q) makes it unlawful "for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this section."

118.     During Plaintiff's employment with Defendant, Plaintiff sought and/or took protected leave per California Government Code § 12945.2(a) as alleged herein.

119.     Defendant took adverse actions against Plaintiff as alleged herein, at least in substantial part, in retaliation for Plaintiff's protected activities set forth herein.

120.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

121.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and aggravated.  As a result of the acts of Defendant, Plaintiff suffered harm to their reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

122.     The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited to Sergeant Belt, Berta Barocio-Sullivan, and Nowicki (full name unknown).  In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

123.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute their claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

## TENTH CAUSE OF ACTION

## RETALIATION FOR SEEKING/TAKING CFRA LEAVE (GOV'T CODE § 12945.2(K)

## (AGAINST DEFENDANT)

124.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

125.    At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

126.    California Government Code § 12945.2(b)(3) defines "Employer" to mean any "person who directly employers five or more persons to perform services for a wage or salary."

127.    California Government Code § 12945.2(a) states that it "shall be an unlawful employment practice for any employer, as defined in paragraph (3) of subdivision (b), to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period or who meets the requirements of subdivision (r), to take up to a total of 12 workweeks in any 12-month period for family care and medical leave. Family care and medical leave requested pursuant to this subdivision shall not be deemed to have been granted unless the employer provides the employee, upon granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave…."

128.    California Government Code § 12945.2(k) makes it unlawful for an "employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of any of the following:  (1) An individual's exercise of the right to family care and medical leave provided by subdivision (a)…."

129.    During Plaintiff's employment with Defendant, Plaintiff sought and/or took protected leave per California Government Code § 12945.2(a) as alleged herein.

130.    Defendant took adverse actions against Plaintiff as alleged herein, at least in substantial part, in retaliation for Plaintiff's protected activities set forth herein.

131.    As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

132.    As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

aggravated.  As a result of the acts of Defendant, Plaintiff suffered harm to their reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

133.    The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited to Sergeant Belt, Berta Barocio-Sullivan, and Nowicki (full name unknown).  In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

134.    As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute their claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

**ELEVENTH CAUSE OF ACTION**

**RETALIATION FOR USING PAID SICK LEAVE (LABOR CODE § 246.5(C)**

**(AGAINST DEFENDANT)**

135.    Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

136.    California Labor Code § 246.6(c)(1) states that an "employer shall not deny an employee the right to use accrued sick days, discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using accrued sick days, attempting to exercise the right to use accrued sick days, filing a complaint with the department or alleging a violation of this article, cooperating in an investigation or prosecution of an alleged violation of this article, or opposing any policy or practice or act that is prohibited by this article."

137.    California Labor Code § 246.6(c)(1) states there "shall be a rebuttable presumption of unlawful retaliation if an employer denies an employee the right to use accrued sick days, discharges, threatens to discharge, demotes, suspends, or in any manner discriminates against an employee within 30 days of any of the following:  … (C) Opposition by the employee to a policy, practice, or act that is prohibited by this article."

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

138.    Plaintiff is informed and believes that Plaintiff's protected conduct alleged herein was a contributing factor in Defendant's decision to terminate Plaintiff's employment, and Plaintiff alleges that Defendant's conduct was a substantial factor in causing Plaintiff's harm as alleged herein.

139.    As a proximate result of the aforesaid acts, Plaintiff has lost, and will continue to lose, substantial earnings, promotional opportunities, fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial.

140.    As a proximate result of the aforesaid acts, Plaintiff has become mentally upset, distressed, embarrassed, humiliated, and aggravated in a sum to be proven at the time of trial.

141.    Pursuant to California Labor Code §§ 200, 218, and 218.5, Plaintiff is entitled to recover the full amount of Plaintiff's unpaid wages, penalties, reasonable attorneys' fees, and costs of suit.

142.    The actions alleged herein were taken by managing agents and/or officers of Defendant, including but not limited to Sergeant Belt, Berta Barocio-Sullivan, Nowicki (full name unknown) and/or ratified by managing agents and/or officers of Defendant.  In so doing, Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

## TWELTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF LABOR CODE § 1102.5

### (AGAINST DEFENDANT)

143.    Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

144.    California Labor Code § 1102.5(a) states that an "employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the

28

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

145.    California Labor Code § 1102.5(b) states that an "employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, to a government or law enforcement agency, or because the employer believes that the employee disclosed or may disclose information . . . to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance . . .  if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

146.    California Labor Code § 1102.5(c) states that an "employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."

147.    California Labor Code § 1102.5(d) states that an "employer, or any person acting on behalf of the employer, shall not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment."

148.    Plaintiff is informed and believes that Plaintiff's protected conduct alleged herein was a contributing factor in Defendant's decision to terminate Plaintiff's employment, and Plaintiff alleges that Defendant's conduct was a substantial factor in causing Plaintiff's harm as alleged herein.

149.    Plaintiff reasonably believed and continues to believe that each of Plaintiff's complaints related to illegal actions taken against Plaintiff.

150.    As a proximate result of the aforesaid acts, Plaintiff has lost, and will continue to lose, substantial earnings, promotional opportunities, fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial.

151.     As a proximate result of the aforesaid acts, Plaintiff has become mentally upset, distressed, embarrassed, humiliated, and aggravated in a sum to be proven at the time of trial.

152.     California Labor Code § 1102.5(f) states that in "addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section."

153.     California Labor Code § 1102.5(j) states that the "court is authorized to award reasonable attorney's fees to a plaintiff who brings a successful action for a violation of these provisions."  Plaintiff will continue to incur attorneys' fees in the pursuit of this action.  As such, Plaintiff is entitled to an award of reasonable attorneys' fees.

154.     The actions alleged herein were taken by managing agents and/or officers of Defendant, including but not limited to Sergeant Belt, Berta Barocio-Sullivan, Nowicki (full name unknown) and/or ratified by managing agents and/or officers of Defendant.  In so doing, Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

## THIRTEENTH CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF CALIFORNIA LABOR CODE §§ 204, 1194, 1197 AND WAGE ORDER

## (AGAINST DEFENDANT)

155.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

156.     At all relevant times, Plaintiff was subject to the provisions of the California Industrial Welfare Commission's Wage Orders and California Labor Code.

157.     California Labor Code § 204(a) states that wages "earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

158.     California Labor Code § 1194(a) states (in relevant part): "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

1  action the unpaid balance of the full amount of this minimum wage or overtime compensation,

2  including interest thereon, reasonable attorney's fees, and costs of suit."

3  159.    California Labor Code § 1197 states (in relevant part): "The minimum wage for

4  employees fixed by the commission or by any applicable state or local law, is the minimum wage

5  to be paid to employees, and the payment of a lower wage than the minimum so fixed is

6  unlawful."

7  160.    The applicable California Industrial Wage Order states: "Every employer shall pay

8  to each employee, on the established payday for the period involved, not less than the applicable

9  minimum wage for all hours worked in the payroll period, whether the remuneration is measured

10  by time, piece, commission, or otherwise."

11  161.    As alleged herein, Defendant violated the foregoing statutes and regulations.

12  162.    Pursuant to California Labor Code § 218.5, 1194, 1194.2, 1197.1, 1197.2, Plaintiff

13  is entitled to recover the full amount of their unpaid wages, liquidated damages, waiting time

14  penalties, reasonable attorneys' fees, and costs of suit.  Plaintiff is entitled to recover interest on

15  all due and unpaid wages and waiting time penalties under Labor Code § 218.6 and/or Civil Code

16  § 3287(a).

**FOURTEETH CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE §§ 510,**

**1194, 1198, 1199 AND WAGE ORDER**

**(AGAINST DEFENDANT)**

21  163.    Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

22  164.    At all relevant times, Plaintiff was subject to the provisions of the California

23  Industrial Welfare Commission's Wage Orders and California Labor Code.

24  165.    The applicable Industrial Welfare Commission Wage Order provides that:  "(A)

25  Daily Overtime – General Provisions.  (1) The following overtime provisions are applicable to

26  employees 18 years of age or over and to employees 16 or 17 years of age who are not required

27  by law to attend school and are not otherwise prohibited by law from engaging in the subject

28  work.  Such employees shall not be employed more than eight (8) hours in any workday or more

31

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.  Eight (8) hours of labor constitutes a day's work.  Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked In excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek.; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek. (c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary.

166.    California Labor Code § 510 provides that: (a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

167.    California Labor Code § 1194 provides in relevant part: (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's, and costs of suit.

168.    California Labor Code § 218.5 provides in relevant part:  In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)

court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.

169.   At all relevant times, throughout Plaintiff's employment, Plaintiff regularly and with Defendant's knowledge worked more than eight (8) hours in working day.

170.   Plaintiff alleges that Defendant did not pay 1 ½ times the legal minimum hourly wage rate for all the hours worked over eight (8) hours in a work day and/or 40 hours in a work week.  Plaintiff alleges that Defendant did not pay two times the legal minimum hourly rate for all the hours worked over twelve (12) hours in a work day.

171.    During the relevant time period, Defendant intentionally and willfully failed to pay for all hours Defendant suffered and/or permitted Plaintiff to work, including for overtime hours.

172.   Plaintiff alleges that wages are due to Plaintiff for all hours worked during which Plaintiff was not paid proper overtime wages pursuant California Labor Code §§ 510 and 1194 and all applicable laws, rules, orders, requirements and regulations.

173.   Plaintiff demands all applicable reimbursements, interest and penalties for lost overtime wages.

174.   Plaintiff further demands reasonable attorneys' fees and costs of suit pursuant to California Labor Code §§ 218.5, 1194, and any other applicable statute or regulation.

## FIFTEENTH CAUSE OF ACTION

**FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF LABOR CODE §§ 226.7, 512 AND WAGE ORDER**

**(AGAINST DEFENDANT)**

175.   Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

176.   At all relevant times, Plaintiff was subject to the provisions of the California Industrial Welfare Commission's Wage Orders and California Labor Code.

177.   California Labor Code § 512(a) states (in relevant part): "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

1  day of the employee is no more than six hours, the meal period may be waived by mutual consent

2  of both the employer and employee."

3       178.    The applicable Industrial Welfare Commission Wage Order provides that:  No

4  employer shall employ any person for a work period of more than five (5) hours without a meal

5  period of not less than 30 minutes, except that when a work period of not more than six (6) hours

6  will complete the day's work the meal period may be waived by mutual consent of the employer

7  and the employee.

8       179.    California Labor Code § 226.7(b) provides:  If an employer fails to provide an

9  employee a meal period or rest period in accordance with an applicable order of the Industrial

10  Welfare Commission, the employer shall pay the employee one additional hour of pay at the

11  employee's regular rate of compensation for each work day that the meal or rest period is not

12  provided.

13       180.    Defendant worked Plaintiff more than five hours per day without an off-duty,

14  timely, and/or uninterrupted 30-minute meal period as required by California Labor Code § 512

15  and the applicable Industrial Welfare Commission Wage Order.  Furthermore, Plaintiff worked

16  more than six (6) hours in a workday and did not waive their right to their meal period by mutual

17  consent.  Defendant's policy and practice was not to compensate Plaintiff with the full amount of

18  pay due and owing as required by California Labor Code § 226.7, and the applicable Industrial

19  Welfare Commission order (i.e., one hour of pay per day per lunch period at the employee's

20  regular rate of compensation).

21       181.    Plaintiff demands all applicable reimbursements, interest and penalties for their

22  lost wages.

23       182.    Plaintiff demands reasonable attorneys' fees and costs of suit pursuant to

24  California Labor Code §§ 218.5, 1194, and any other applicable statute or regulation.

25

26

27

28

34

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

## SIXTEENTH CAUSE OF ACTION

**FAILURE TO AUTHORIZE AND PERMIT REST PERIODS IN VIOLATION OF LABOR CODE § 226.7 AND WAGE ORDER 4-2001**

**(AGAINST DEFENDANT)**

183.    Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

184.    At all relevant times, Plaintiff was subject to the provisions of the California Industrial Welfare Commission's Wage Orders and California Labor Code.

185.    California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California Industrial Welfare Commission.

186.    The applicable Industrial Welfare Commission Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof unless the total daily work time is less than three and one-half (3 ½) hours."

187.    Defendant's conduct violates applicable Wage Orders and California Labor Code § 226.7.  During the relevant time period, Defendant required Plaintiff to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.  During the relevant time period, Defendant willfully required Plaintiff to work during rest periods and failed to pay Plaintiff the full rest period premium for work performed during rest periods.

188.    During the relevant time period, Defendant failed to pay Plaintiff the full rest period premium due pursuant to California Labor Code § 226.7.

189.    Pursuant to the applicable Industrial Welfare Commission Wage Order and California Labor Code § 226.7(b), Plaintiff is entitled to recover from Defendant one additional hour of pay at the employee's regularly hourly rate of compensation for each work day that the rest period was not provided.

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)

## SEVENTEENTH CAUSE OF ACTION

## FAILURE TO FURNISH COMPLIANT WAGE STATEMENTS IN VIOLATION OF

## LABOR CODE § 226(a)

## (AGAINST DEFENDANT)

190.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

191.     At all relevant times, Plaintiff was subject to the provisions of the California Industrial Welfare Commission's Wage Orders and California Labor Code.

192.     California Labor Code § 226(a) provides that every employer shall furnish each of their employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and their or their social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

193.     California Labor Code § 226(e)(1) provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

194.     California Labor Code § 226.3 provides that "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law."

195.    As alleged herein, Plaintiff has suffered injury and damage to their statutory-protected rights by as it intentionally and willfully failed to provide Plaintiff with complete and accurate wage statements as alleged herein.

196.    Plaintiff is entitled to recover from Defendant the greater of their actual damages caused by Defendant's failure to comply with California Labor Code § 226(a), or pursuant to California Labor Code § 226(e), an aggregate penalty not exceeding four thousand dollars per employee, and an award of costs and reasonable attorney's fees.

## EIGHTEENTH CAUSE OF ACTION

**FAILURE TO PAY ALL WAGES OWED UPON TERMINATION IN VIOLATION OF LABOR CODE §§ 201-203**

**(AGAINST DEFENDANT)**

197.    Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

198.    At all relevant times, Plaintiff was subject to the provisions of the California Industrial Welfare Commission's Wage Orders and California Labor Code.

199.    California Labor Code §§ 201 and 203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

200.    California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

201.    As alleged herein, Defendant intentionally and willfully failed to pay Plaintiff all wages, earned and unpaid (including overtime compensation), immediately upon discharge. Defendant's failure in this regard violates California Labor Code §§ 201 and 203.

202.    On information and belief, Plaintiff alleges that Defendant's failure to pay Plaintiff all wages earned upon their discharge in accordance with Labor Code § 201 was willful.  At all

[DRAFT/UNFILED] Plaintiff's Complaint For Damages

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

times relevant, Defendant had the ability to pay all earned and unpaid wages in accordance with Labor Code § 201 but intentionally chose not to comply.

203.    Pursuant to Labor Code §§ 203 and 218.5, Plaintiff is entitled to recover the full amount of their unpaid wages, waiting time penalties, reasonable attorneys' fees, and costs of suit. Plaintiff is entitled to recover interest on all due and unpaid wages and waiting time penalties under Labor Code § 218.6 and/or Civil Code § 3287(a).

## <u>NINETEENTH CAUSE OF ACTION</u>

## **PAGA REPRESENTATIVE ACTION FOR PENALTIES PER LABOR CODE § 2698.**

## **(AGAINST DEFENDANT)**

204.    Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

205.    Under the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698-2699.5, private parties may recover civil penalties for violations of the Labor Code. These penalties are in addition to any other relief available under the Labor Code. As set forth above, Defendant has committed numerous violations of the Labor Code against Plaintiff, including but not limited to:

- **Labor Code §§ 201, 201.5, 202, 203**.  Failure to pay all wages immediately upon termination or within 72 hours after notice of separation.

- **Labor Code § 204**.  Failure to pay all earned wages within the time prescribed in Labor Code §§ 204(a) and 204(b).

- **Labor Code § 206**.  Failure to pay all undisputedly owed wages.

- **Labor Code § 210**.  Failure to pay wages as required by Labor Code §§ 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and/or 1197.5.

- **Labor Code § 221**.  Failure to not collect and receive owed wages.

- **Labor Code § 226**.  Failure to provide timely and accurate wage statements.

- **Labor Code § 226.3**.  Failure to comply with Labor Code § 226(a).

- **Labor Code § 226.7**.  Failure to provide proper rest periods and failure to provide an additional hour of pay at the regular rate of compensation in lieu of the mandated rest periods.

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

- **[deleted Labor Code §§ 226.7 and 512**.  Failure to provide proper meal periods and failure to provide an additional hour of pay at the regular rate of compensation in lieu of the mandated meal periods.]

- **Labor Code §§ 510 and 1194**.  Failure to pay overtime and double time compensation.

- **Labor Code §§ 510, 1194, 1194.2, and 1197**.  Failure to pay minimum wages, including overtime and double time compensation at the minimum wage rate.

- **Labor Code § 558**.  Violation of a section of the chapter of the Labor Code starting with Labor Code § 500, *et seq*., or any provision regulating hours and days of work in any order of the Industrial Welfare Commission.

- **Labor Code § 558.1**.  Violation of any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, and violating Labor Code §§ 203, 226, 226.7, 1193.1, and/or 1194.

- **Labor Code § 1174**.  Failure to maintain compliant employee and payroll records.

- **Labor Code § 1197.1**.  Failure to pay minimum wage.

- **Labor Code § 1199**.  Violation of the provisions of an order of the Industrial Welfare Commission.

- **Labor Code § 1198**.  Violation of the following sections of orders of the Industrial Welfare Commission for conditions of labor prohibited by such:

- **Wage Order 1-2001 (or other applicable Wage Order), Section 3**, requiring an employer to pay overtime and double time compensation.

- **Wage Order 1-2001 (or other applicable Wage Order), Section 4**, requiring an employer to pay minimum wages, including overtime and double time compensation at the minimum wage rate.

- **Wage Order 1-2001 (or other applicable Wage Order), Section 7**, requiring an employer to maintain accurate information with respect to each employee; provide employees with thorough and accurate itemized wage statements; and, provide clocks within a reasonable distance from employees' work areas.

[DRAFT/UNFILED] Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

- **Wage Order 1-2001 (or other applicable Wage Order), Section 11**, requiring an employer to provide its employees with adequate meal periods and an additional hour of pay at the regular rate of compensation in lieu of the mandated rest periods.

- **Wage Order 1-2001 (or other applicable Wage Order), Section 12**, requiring an employer to provide its employees with adequate rest periods and an additional hour of pay at the regular rate of compensation in lieu of the mandated rest periods.

- **Wage Order 1-2001 (or other applicable Wage Order), Section 13**, requiring an employer to provide its employees with suitable lockers, closets, or equivalent for the safekeeping of employees' outer clothing during working hours; provide change rooms or equivalent space in order that employees may change their clothing in reasonable privacy and comfort and separate from toilet rooms and kept clean and for their work clothing during non-working hours; and, provide suitable resting facilities in an area separate from the toilet rooms available to employees during working hours.

206.   Plaintiff is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of him/herself and other current and former employees of Defendant pursuant to the procedures specified in California Labor Code § 2699.3, because Plaintiff is employed by Defendant and the alleged violations of the California Labor Code were committed against Plaintiff.

207.   Pursuant to California Labor Code § 2699.3, Plaintiff gave written notice on _____ by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to Defendant of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theoriesto support the alleged violations. More than 65 days have passed since Plaintiff provided written notice to the LWDA. The LWDA has not provided notice that it intends to investigate PLAINTIFF'S claims.

208.   Pursuant to California Labor Code § 2699.3, Plaintiff served Defendant with the aforementioned LWDA notice via certified mail on _____.  More than 33 days have passed since that date. Defendant has not provided Plaintiff with notice that it cured any of the violations alleged therein.

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

209.   Per the tolling provision in Labor Code § 2699.3(g), the period of liability under Plaintiff's PAGA claim extends one year and sixty-five days before the filing of this complaint (the "PAGA Liability Period").

210.   Accordingly, Plaintiff has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

211.   Pursuant to PAGA, Plaintiff seeks civil penalties due to Plaintiff, other aggrieved employees, and the State of California according to proof, pursuant to the California Labor Code, including California Labor Code §§ 2699(a) and 2699(f), which provides for $100 for each initial violation and $200 for each subsequent violation per employee pay period.  In addition, pursuant to PAGA, Plaintiff seeks to recover civil penalties, including but not limited to penalties under Labor Code §§ 210, 225.5, 226.3, 558, 1174.5, 1197.1, and 1199 from Defendant in a representative action for the violations set forth above.  Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

## **JURY TRIAL DEMANDED**

212.   Plaintiff demands a jury as to all causes of action.

## **PRAYER FOR RELIEF**

213.   WHEREFORE, Plaintiff prays judgment against Defendant as follows:

    a.   For general economic damages according to proof;

    b.   For general non-economic damages according to proof

    c.   For special damages according to proof;

    d.   For punitive damages where allowed by law;

    e.   For prejudgment interest pursuant to California Labor Code § 218.6, California Civil Code § 3287 and/or California Civil Code § 3288 and/or any other provision of law providing for prejudgment interest;

    f.   For attorneys' fees where allowed by law;

    g.   For costs of suit incurred herein; and

    h.   For such other and further relief as this Court deems just and proper.

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**Inadmissible Settlement Communication (Cal. Evi. Code § 1152 & Fed. R. Evi. 408)**

DATED: April 9, 2021

COLBY LAW FIRM, PC
AARON N. COLBY

By:_____
                AARON N. COLBY

Attorneys for Plaintiff
SAMDEESHIA BELL

[DRAFT/UNFILED] Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

TOLLING AGREEMENT                                                    Page 1

This Agreement to toll statutes of limitations (hereinafter, "Agreement") is entered into by and between Plaintiff Samdeeshia Bell ("Plaintiff"), and GEO Secure Services, LLC ("Defendants") (together, Plaintiff and Defendants are referred to as the "Parties" and each as a "Party") with reference to the following facts:

WHEREAS, on or about April 9, 2021, Plaintiff sent Defendants a letter regarding Plaintiff's claims that Plaintiff was improperly treated during Plaintiff's employment with Defendants.

WHEREAS, Defendants deny any and all liability.

WHEREAS, the Parties to this Agreement have agreed to consider whether to attempt to reach an informal resolution to this matter.

WHEREAS, the Parties to this Agreement have agreed that the statute of limitations on Plaintiff's claims against Defendants for alleged violations of the law arising out of or related to Plaintiff's employment relationship with Defendants ("Tolled Claims") will be tolled through April 9, 2022, so that Plaintiff is not prejudiced by refraining from filing a Civil Complaint.

WHEREAS, the Parties to this Agreement are willing to enter into this Agreement upon the terms and conditions set forth below.

1. All the foregoing Recitals are true and correct and are incorporated as part of the Terms and Conditions of this Agreement.

2. With respect to any and all claims or causes of action arising out of or in connection with the Plaintiff's Tolled Claims, Defendants hereby stipulate, as to them, that every statute of limitations or statute of repose applicable to any claim or cause of action by Plaintiff against Defendants (including, without limitation, any claims or cause of action arising out of or in connection with the Tolled Claims) shall be deemed tolled from April 9, 2021 through April 9, 2022 (the "Tolling Period"). The Parties further agree that the Defendants shall not interpose in any action between the parties: (a) any defense that the applicable statute of limitations shall have expired based upon or incorporating time lapsed during the Tolling Period; or (b) any defense of failure to exhaust administrative remedies, laches, estoppel, or waiver based upon or incorporating time lapsed during the Tolling Period.

3. Defendants will not assert as a defense, affirmative defense, or as an issue on appeal that any filing deadline, failure to exhaust administrative remedies deadline, or statute of limitations expired during the Tolling Period. Defendants further agree that they shall, if any court or administrative agency raises the issue of any filing deadline or statute of limitations expiring during the Tolling Period, affirmatively waive any such filing deadline or statute of limitations and advocate that such a deadline or statute of limitations is not jurisdictional.

4. This Agreement shall constitute the entire agreement of the Parties regarding its subject matter and shall supersede all prior agreements and undertakings of the parties (whether oral or written) addressing that subject matter.

5. The rights and obligations of the Parties created by this Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to conflicts of law.

6.   All rights and obligations under this Agreement shall inure to the benefit of, and be binding upon, the Parties' respective predecessors and successors in interest, parent and subsidiary entities, and assigns of the parties.

7.   This Agreement may not be amended, modified, or supplemented, except in a writing duly executed and delivered by all parties to this Agreement.

8.   The Tolling Period shall not be extended unless the Parties agree to an extension in writing duly executed and delivered by all Parties to this Agreement.

9.   This Agreement may not be introduced into evidence in any proceeding except to enforce the terms of the Agreement.

10.  The Parties and their attorneys shall keep the terms of the Agreement confidential, and shall not disclose such terms to anyone unless required to disclose such information by court order, arbitrator's order, or otherwise to enforce this Agreement.

11.  This Agreement may be signed by fax or electronic signature and may be signed in counterparts, all such counterparts constituting one Agreement.

IN WITNESS THEREOF, the Parties and their counsel, intending to be legally bound, have caused this Agreement to be executed as of the day and year indicated below.  By signing below, legal counsel represents and warrants that they have the express authority and approval to enter into this Tolling Agreement on behalf of the Parties indicated by their names.

_____, Counsel for Defendants

By: _____

Date: _____


Aaron Colby, Counsel for Plaintiff

By: _____

Date: _____